OWEN, WILLIAM G, JR., (Retired) Associate Judge.
Appellant seeks review of a judgment which not only held it in contempt of court and made it subject to punishment to be subsequently imposed, together with attorneys fees and costs, but also summarily adjudged it to be indebted to another party for the sum of approximately $113,000, the entitlement to which was an issue in the litigation. We reverse.
On December 11, 1980, the court entered its order directing appellant to file a certain accounting with the court and serve copies on all parties within one week. Although appellant did not meet the December 18th deadline, a Thursday, it did mail the accounting to the clerk with copies to all parties on the following Monday, December 22.[1] On December 24, 1980, the court, acting on a motion for an order to show cause [2] presented by the party for whose benefit the accounting had been ordered, entered *1192 an order directed to appellant requiring it to appear before the court on January 7, 1981, and show cause why it not be adjudged guilty of contempt of the court’s order of December 11. At the hearing on January 7, 1981, the court, with consent of the parties, received as evidence the oral statements of counsel for the parties. At the conclusion of the hearing the court made an oral ruling, later confirmed by written order and judgment, finding appellant in willful contempt of court, entering judgment against it as previously stated, and providing that punishment for the contempt together with attorneys fees and costs would be imposed by subsequent order of the court.
Notwithstanding appellees’ contention before this court that the contempt proceeding was for indirect criminal contempt under Rule 3.840, Florida Rules of Criminal Procedure, it is obvious that this was a civil contempt proceeding. It was instituted by motion of a party to the cause who sought to coerce appellant to file the accounting promptly. The order to show cause was entered for the private benefit of the moving party. This is the classic, textbook example of civil contempt. See Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977). A criminal contempt proceeding is one maintained solely to vindicate the authority and dignity of the court. Pugliese v. Pug-liese, supra. Here there was nothing before the court to show that the delay in filing the accounting[3] was calculated to or did hinder, embarrass, delay, or obstruct the administration of justice. The record discloses no basis to conclude that the brief delay in filing the accounting was due to any obstinate or contumacious conduct nor that there was any effort on the part of appellant or its attorneys to cause any affront to the court or its authority whatsoever. Thus, the need to vindicate the court’s authority and dignity, the classic textbook requirement for criminal contempt proceedings, was not present here.
The rule in Florida is that one cited for civil contempt may purge himself by complying with the court’s order. Pugliese v. Pugliese, supra; Demetree v. State, 89 So.2d 498 (Fla.1956); Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976); Faircloth v. Faircloth, 321 So.2d 87 (Fla. 1st DCA 1975). The converse of such a rule is that one who has, in fact, complied with the court’s order prior to a hearing on a motion for order of contempt or a hearing set in an order to show cause, being at that point in time no longer in contempt of the court’s prior order, should not at that point be subjected to an order of civil contempt.
The money judgment entered against appellant presented nothing more than a summary and punitive disposition of a substantive issue made by the pleadings. To determine that issue on the merits without a hearing is a violation of fundamental rights of due process. The trial court apparently viewed appellant’s failure to comply with its order the equivalent of a “default,” thereby justifying the summary disposition of this substantive issue. We do not find in this record evidence of a willful violation, much less the type of contumacious conduct which, under certain circumstances, could justify the court taking the drastic action of summarily entering a default against the offending party.
The judgment appealed dated January 9, 1981, holding appellant in contempt and entering a money judgment against it is reversed.
Appellant also raises an issue as to whether it is a proper party to this suit having been brought in as an additional party under Rule 1.170(h), Florida Rules of Civil Procedure. That issue is not properly raised on this appeal from the judgment of contempt and money judgment.
REVERSED.
BERANEK, J., and GREEN, OLIVER L., Associate Judge, concur.

. Although mailed December 22, the accounting was not received and filed in the clerk’s office until December 29. At the subsequent hearing on motion to show cause, the court found the delay to be willful.

. The motion contains no certificate of service and was not filed in the clerk’s office until December 30, but obviously was before the court at the time the order of December 24 was entered.

. Contrary to the court’s finding, the “evidence” before the court does not sustain the finding of willfulness.