PER CURIAM.
"This is an appeal by a witness in a criminal case [Franco Micciche] from a trial court order finding him in contempt, ordering him to pay a court reporter’s fee, and committing him to county jail until he purges himself of contempt by submitting to a deposition. The order appealed from was entered after a hearing on a prior order entered by the court in which the witness was required to show cause why he should not be held in contempt for failure to abide by a certain subpoena duces tecum issued in the criminal case.
The state has filed an answer brief in this cause confessing error because of certain procedural infirmities; we agree with the state’s confession of error. Plainly, the witness was not properly informed in the rule to show cause, as required, whether he was being charged with direct or indirect civil or criminal contempt; moreover, the order under review fails to state, as required, (a) whether the witness was being held in direct or indirect criminal or civil contempt, and (b) a recital of the facts constituting the contempt, if it be an indirect criminal contempt. Fla.R.Crim.P. 3.840(f); Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Mason v. Reiter, 531 So.2d 348 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 989 (Fla.1989); Grant v. State, 464 So.2d 650 (Fla. 4th DCA 1985). Beyond that, if it was the trial court’s intent to find the witness in civil contempt as it orally stated on the record, it was clearly error to commit the witness to the county jail until he purged himself of contempt by submitting himself to a deposition. This is so because the transcript of the hearing on the rule to show cause clearly shows, without dispute, that the witness was ready at that time to submit to deposition; a commitment to jail was therefore unnecessary to extract *1029 such consent and was invalid. See Home Sav. & Loan Ass’n v. Turtle Reef Assoc., 409 So.2d 1191, 1192 (Fla. 4th DCA 1982).
The final order under review is reversed, and because on this record (a) the appellant has, in fact, given the deposition required so that no civil contempt proceedings are now proper, and (b) the appellant did not willfully refuse to attend the originally scheduled deposition so that no criminal contempt proceedings would lie, the cause is remanded to the trial court with directions to discharge the appellant from the cause.
Reversed and remanded.