686 So.2d 782 (1997)
Richard KERSH, Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 96-1163.
District Court of Appeal of Florida, Third District.
January 22, 1997.
Richard Kersh, in pro. per.
Charlton Lee Hunter and Linwood Anderson, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal from a trial court order, implicitly finding Appellant Kersh in indirect criminal contempt and providing for sanctions. As Mr. Kersh was not afforded notice of the charge, specifics as to what conduct constituted the alleged contempt, or a hearing, we quash the order appealed. Fla. R.Crim.P. 3.840; Pugliese v. Publiese, 347 So.2d 422, 425 (Fla.1977) (greater procedural *783 process safeguards are to be imposed for indirect criminal contempt proceedings); Pryor v. Wille, 644 So.2d 346 (Fla. 4th DCA 1994) (order for indirect criminal contempt quashed when trial court failed to comply with rule 3.840); Russ v. State, 622 So.2d 501 (Fla.5th DCA 1993) (order finding defendant guilty of indirect criminal contempt reversed because the trial court failed to follow rule 3.840), review denied, 634 So.2d 626 (Fla. 1994); Benarroch v. Crawford, 516 So.2d 28, 29 (Fla.3d DCA 1987) ("[T]he petitioner was denied procedural due process in this case because Fla.R.Crim.P. 3.840, which governs indirect criminal contempt, was not followed in any respect by the trial court below."); Bryant v. State, 363 So.2d 1141, 1144 (Fla. 1st DCA 1978) ("It is well recognized in Florida that greater procedural due process safeguards are accorded when one is accused of indirect criminal contempt.").