732 So.2d 1131 (1999)
Vanessa LALOGGIA-VONHEGEL, Appellant,
v.
William VONHEGEL, Appellee.
No. 98-02600.
District Court of Appeal of Florida, Second District.
February 26, 1999.
*1132 Gary A. Urso, New Port Richey, for Appellant.
Thomas J. Zandecki and Robert A. Green, Jr., New Port Richey, for Appellee.
CASANUEVA, Judge.
In this post-dissolution proceeding, Vanessa LaLoggia-VonHegel (Ms. LaLoggia) appeals a final order adjudging her in contempt of court and transferring, as a sanction, the custody of the minor children from her to her former husband, William VonHegel. We affirm the trial court's finding of contempt, but reverse the change of custody.
In April, 1998, Mr. VonHegel filed a petition to modify the final judgment of dissolution of marriage that had been entered on February 23, 1998.[1] The petition sought to modify visitation and reduce child support; the latter was based upon Mr. VonHegel's assertion of zero income. Ms. LaLoggia answered the petition and counter-petitioned asserting, among other things, that Mr. VonHegel had committed a domestic battery upon her and that he had inconsistently exercised visitation with the minor children by, for example, taking only one child and refusing to take the other. Later, Mr. VonHegel filed a motion seeking to hold Ms. LaLoggia in contempt for interfering with his visitation. At the hearing on this motion for contempt, the trial court did not find her in contempt but did file an order, dated April 28, 1998, enforcing the visitation schedule in the marital settlement agreement. In June, 1998, Mr. VonHegel filed a second motion for contempt asserting that Ms. LaLoggia had, since the April hearing, relocated to New York for the purpose of denying him visitation. At the same time he moved for leave to amend his petition for modification to change the primary custody of the minor children from Ms. LaLoggia to himself.
On June 25, 1998, a hearing on Mr. VonHegel's second motion for contempt was held. Ms. LaLoggia did not attend. Ms. LaLoggia's counsel had previously filed and noticed for hearing on this date a motion to withdraw, which was granted. The trial court then considered Mr. Von-Hegel's motion to amend his petition. The record on appeal does not indicate that this motion was noticed for hearing on June 25, 1998, but the trial court granted the motion at this hearing. The trial court then turned to Mr. VonHegel's second motion for contempt. After considering testimony from Mr. VonHegel, and noting that at the earlier hearing in April Mrs. LaLoggia had indicated to the trial court that she had no difficulty with Mr. VonHegel's visiting the children, the trial court found that she had relocated to New York without notice to Mr. VonHegel. The trial court then concluded that her relocation was an effort to thwart Mr. VonHegel's visitation rights and was in defiance of the court order on visitation of April 28, 1998. Adjudging Ms. LaLoggia in contempt, the trial court, as sanction, transferred primary residential custody of the minor children to Mr. VonHegel, stating:
I therefore find the former wife in willful and indirect civil contempt of court in that her actions in attempting to deprive the former husband of meaningful court-ordered visitation is one of the paramount considerations in determining principal physical residence. I do grant as a sanction that temporary principal physical residence and custody of the children be immediately placed with the former husband.
The question presented is whether the transfer of custody is an appropriate sanction for an indirect civil contempt arising from violation of court-ordered visitation. Under these facts, we hold it is not.
*1133 First, the general purpose of a civil contempt order is to obtain compliance with the trial court's initial order. The sanction of changing custody does not coerce compliance; rather, it may, in the absence of a finding that such a change is in the best interest of the children, penalize the children for the parent's contumacious conduct. In comparison, an award of make-up or additional visitation may serve both to redress the wrong to the parent and to effectuate compliance with the court's authority. We hold, as did our sister court in Pace v. Solomon, 715 So.2d 1155 (Fla. 5th DCA 1998), that a transfer of custody as punishment is not an appropriate sanction for contempt. See also Moody v. Moody, 721 So.2d 731 (Fla. 1st DCA 1998).
Next, using Mr. VonHegel's amended petition for modification of the final judgment as a basis for changing custody implicates due process concerns. The record on appeal does not indicate that Ms. LaLoggia received a notice that the hearing would deal with the amended petition. Rather, Mr. VonHegel's counsel addressed the amendment of the pleadings to the court as a "housekeeping matter." Without notice of a hearing on the amended petition or on a motion to award temporary custody of the children to Mr. VonHegel, the trial court's jurisdiction to hear these issues was not invoked or perfected and could not serve as a basis for the trial court's order transferring custody. See Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988); Brady v. Jones, 491 So.2d 1272, 1273 (Fla. 2d DCA 1986).
Further, on the record before us, there is insufficient evidence to ground a finding that it would be in the children's best interest to be placed in Mr. VonHegel's custody, even temporarily. The custodial parent's relocating the children to another state is insufficient by itself to warrant a change in custody. See Hayes v. Hayes, 578 So.2d 54, 56 (Fla. 2d DCA 1991). Although there is evidence that at the time of the June 25 hearing Mr. VonHegel could then financially afford to support his children as well as place them in day care, this does not meet the extraordinary burden of proving a substantial and material change of circumstances such that it would be detrimental to the children to remain in the custody of Ms. LaLoggia. See Finney v. Giddens, 707 So.2d 856 (Fla. 2d DCA 1998); Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996).
In conclusion, we agree that the trial court properly adjudged Ms. LaLoggia in contempt for thwarting Mr. VonHegel's visitation rights. The trial court could have ordered additional or make-up visitation to occur in Florida, if appropriate. However, we hold that changing custody as a sanction for contempt was erroneous.
Affirmed in part, reversed in part and remanded.
NORTHCUTT, A.C.J., and QUINCE, PEGGY A., Associate Judge, Concur.
NOTES
[1] The final judgment incorporated a marital settlement agreement between the parties. It placed the primary residential care of the minor children with Ms. LaLoggia. Further, it did not impose a residency requirement nor geographical restriction upon her relocation.