PER CURIAM.
This is an appeal from the trial court’s Order of Contempt, finding appellant J.M.P.U in indirect criminal contempt and sentencing him to ninety days in jail. We quash the trial court’s Order of Contempt. The record reflects that J.M.P.U. was not given specifics as to the acts which constituted the alleged contempt. In addition, there was no information in the Rule to Show Cause informing J.M.P.U. that he was subject to possible criminal penalties. The Rule to Show Cause thus does not meet the procedural requirements of Florida Rule of Criminal Procedure 3.840. See Fla. R.Crim. P. 3.840; Bowen v. Bowen, 471 So.2d 1274 (Fla.1985) (indirect criminal contempt proceeding must fully comply with rule 3.840 and defendants are entitled to due process protections); Kersh v. State Farm, Fire & Cas. Co., 686 So.2d 782 (Fla. 3d DCA 1997) (defendant must be afforded notice of the charge, the specifics as to what conduct constituted the alleged contempt, and a hearing); Pryor v. Wille, 644 So.2d 346 (Fla. 4th DCA 1994) (order for indirect criminal contempt quashed when trial court failed to comply with rule 3.840); Benarroch v. Crawford, 516 So.2d 28, 29 (Fla. 3d DCA 1987) (“[T]he petitioner was denied procedural due process in this case because Fla. R.Crim. P. 3.840, which governs indirect criminal contempt, was not followed in any respect by the trial court below.”).