867 So.2d 619 (2004)
Donna Lynne PELLICCIA, Appellant,
v.
Herbert ARCE, Jr., Appellee.
No. 2D03-724.
District Court of Appeal of Florida, Second District.
March 10, 2004.
*620 Donna Lynne Pelliccia, pro se.
Pamela Taylor Karlson of Rhoades & Karlson, P.A., Sebring (withdrew after briefing), for Appellee.
Herbert Arce, Jr., pro se.
CASANUEVA, Judge.
Donna Lynne Pelliccia, the mother of the child at the center of this custody and visitation dispute, appeals the trial court's order adjudging her in contempt and granting the natural father, Herbert Arce, Jr., certain relief, including make-up visitation and changing primary residential responsibility to him. Although Ms. Pelliccia asserts the trial court committed several errors, we find only one requires reversal. In all other respects, we affirm.
As a sanction for Ms. Pelliccia's contempt of a prior order on visitation, the trial court ordered her to return the child to Florida for make-up visitation with Mr. Arce and, should she fail to do so, the primary residential responsibility of the parties' minor child would "automatically transfer" to Mr. Arce. On appeal, Ms. Pelliccia contends that it was error to change the custody of the child as her punishment. Mr. Arce responds that the transfer is authorized by section 61.13(4)(c)(5), Florida Statutes (2002). Section 61.13(4)(c)(5) provides that, as a sanction for a custodial parent's refusal to honor the noncustodial parent's visitation rights, the court may award primary residence of the child to the noncustodial parent "if the award is in the best interests of the child." Although Mr. Arce correctly cites the law, we find it not applicable to these circumstances.
The proceedings that resulted in the trial court's order that automatically changed custody were commenced not by a petition to modify custody but, rather, by Mr. Arce's filing a motion for contempt and other relief. In the motion's prayer for relief, he sought to change the primary residential custody of the minor child from Ms. Pelliccia to himself. But neither the body of the motion nor its prayer for relief asserted it would be in their child's best interest to modify primary residential custody. Additionally, the motion for contempt sought to incorporate the contents of a motion for rehearing or, in the alternative, motion for emergency relief from judgment which he had filed much earlier in the case, after the trial court had permitted Ms. Pelliccia to relocate with the child from Florida to another state. The issue of changing primary residential custody has not been litigated.
In LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1132-33 (Fla. 2d DCA 1999), this court concluded that a transfer of custody was an inappropriate penalty for an indirect civil contempt arising from a violation of court-ordered visitation. There, as here, due process concerns were implicated when a party was not properly put on notice that a change of custody was being sought. As the general purpose of an order finding civil contempt is to obtain compliance with a prior order, changing child custody in such an order does not accomplish this goal.
Moreover, we are concerned that in all these proceedings there is no indication that the child's best interests have been *621 considered. The language of the order indicates that the purpose of the automatic transfer of primary residential custody was to insure compliance with the court's order on make-up visitation. The record on appeal does not show that the change of custody was entered because it was in the best interests of the minor child to do so. Thus, pursuant to LaLoggia, it was error for the trial court to change the primary residential custody under the pleadings and facts of this case.
Affirmed in part; reversed in part; and remanded with instructions to strike that portion of the order changing the primary residential custody of the child to Mr. Arce.
CANADY and WALLACE, JJ., Concur.