NORTHCUTT, Judge.
Mr. and Mrs. Simpson are the maternal grandparents and legal custodians of Henry Young’s and Leslie Young’s children. They seek review of an order holding them in contempt of court for relocating the children from Florida to South Carolina and for denying the parents visitation with the children. We affirm the order in part and reverse it in part.
*187 The Youngs’ marriage was dissolved in Pasco County in May 1997. The final judgment provided for shared parental responsibility for the parties’ two young children. The mother was to be the primary residential parent and the father was to pay child support. In August 1998, both parents entered into a stipulation relinquishing to the Simpsons their parental responsibility for and the residential care of their children. The agreement waived child support from the parents and forgave the father’s arrearages. It also set forth a visitation schedule for the parents, but it did not contain a prohibition against the children’s relocation. The Pasco County circuit court approved the stipulation and incorporated it into an order modifying the final judgment of dissolution.
At some point in time, the Simpsons moved with the children to South Carolina. In July 2003, they filed an action in that state seeking child support and a modification of visitation. The next month, the parents filed two proceedings in Pasco County. In the first they petitioned for modification of the previously-modified final judgment to reinstate their parental responsibility and return the children to Florida. The parents also filed a motion to hold the grandparents in contempt. At the time this appeal was taken, the court had not ruled on the modification petition. Accordingly, the only issue before us is the propriety of the contempt order.
The grandparents’ main argument is that the Pasco County circuit court did not have jurisdiction to enter the order. They contend that the interplay between the South Carolina Uniform Child Custody and Jurisdiction Act, S.C.Code Ann. § 20-7-788 (Law. Co-op 1976), and the Florida Uniform Child Custody Jurisdiction and Enforcement Act, §§ 61.501-542, Fla. Stat. (2003), establishes that only South Carolina has jurisdiction over the children. We need not address this thorny jurisdictional issue, because the contempt matter before us is not a “child custody proceeding” as defined in either the Florida or the South Carolina statutes. See § 61.503(4) (“ ‘Child custody proceeding’ means a proceeding in which legal custody, physical custody, residential care, or visitation with respect to a child is an issue.... ”); S.C.Code Ann. § 20-7-786(3) (“ ‘[CJustody proceeding’ includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings.”).
A circuit court has jurisdiction to enforce its own judgments by contempt. See § 38.22, Fla. Stat. (2003); cf. Wells v. State, 654 So.2d 145, 146 (Fla. 3d DCA 1995) (stating that courts have the inherent contempt power to punish the violation of a valid court order).[1] But that does not end our inquiry. The order that granted custody to the Simpsons did not prohibit them from relocating with the children. When an order is not explicit or precise enough to place a party on notice about what that party may or may not do, it cannot support an order of contempt. Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998). Thus, the circuit court’s finding that the grandparents were in contempt for removing the children to South Carolina cannot be upheld.
*188 The court’s second finding, that the grandparents interfered with the parents’ visitation, did support the contempt order. See LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1132 (Fla. 2d DCA 1999). We affirm the order on that ground. But the court also required the grandparents to return the children to Florida. Although we believe that condition was intended as a requirement for the grandparents to purge their contempt, it was a,kin to the modification of custody ordered as a contempt sanction in VonHe-gel, which we reversed. We hold that ordering the Simpsons to bring the children back to Florida was an inappropriate sanction for their violation of court-ordered visitation. See id. at 1132-33; see also Pelliccia v. Arce, 867 So.2d 619, 620-21 (Fla. 2d DCA 2004).
We affirm the order of contempt, but remand to the circuit court to strike the finding that the Simpsons were in contempt for moving the children to South Carolina. The circuit court shall also strike the provision requiring the Simpsons to return the children to Florida, and it shall fashion a more appropriate purge condition.
WHATLEY and STRINGER, JJ., Concur.

. The order of contempt states, in both its fact-finding and adjudicatory sections, that the Pasco County circuit court retained jurisdiction over the parties and the subject matter for enforcement and modification of its order. The Youngs’ petition for modification of the previously-modified final judgment was not at issue in this contempt proceeding. Therefore, the circuit court’s reference to ’’modification” is extraneous and is not law of the case vis-a-vis the court’s jurisdiction to modify the judgment.