898 So.2d 1137 (2005)
W.C., a child, and Florida Department of Juvenile Justice, Petitioners,
v.
Robert SMITH, Superintendent, Okaloosa Regional Juvenile Detention Center, Respondent.
No. 1D05-0614.
District Court of Appeal of Florida, First District.
March 31, 2005.
Brian D. Berkowitz, Chief Assistant General Counsel, Department of Juvenile Justice, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for respondent.
VAN NORTWICK, J.
The Department of Juvenile Justice (DJJ) filed a petition for writ of habeas corpus asserting that W.C., a child, was being unlawfully detained because the secure detention order entered by the trial court failed to show that W.C. was afforded the due process requirements provided by statute and rule. The respondent, Robert Smith, Superintendent of Okaloosa Regional Juvenile Detention Center, correctly conceded that W.C. was entitled to relief. We granted the writ by an unpublished order and now issue this opinion to explain our ruling.
W.C. had been adjudicated dependent and placed in foster care. After she ran away from her placement, the circuit court *1138 found her to be in indirect criminal contempt of court and ordered her to be held in secure detention for 21 days.[1] In the petition for writ of habeas corpus, DJJ asserts that the child was not provided with the due process required by Florida Rule of Juvenile Procedure 8.150(b) or sections 984.09(4)(b) and 985.216(4)(b), Florida Statutes (2004). There was no indication in the trial court's order that a hearing was afforded to the child in which she was properly informed of, and could respond to, contempt charges. Additionally, there was no indication that there had been a delinquency petition filed against the child that would have resulted in her being adjudged delinquent. DJJ stated that there is no authority in statute or decisional law that would authorize the secure detention of a nondelinquent youth. Finally, it appeared that the child was unrepresented throughout the proceedings in the circuit court.
The respondent conceded that the detention order was fatally flawed and that the child was entitled to release. The respondent asserted that indirect criminal contempt of court proceedings are governed by Florida Rule of Juvenile Procedure 8.285(b) and Florida Rule of Criminal Procedure 3.840(b). Review of the rules demonstrates that they are substantively identical save for minor stylistic differences. The respondent agreed that the order upon which the child's restraint was based failed to show that any of the requirements of either rule 8.285(b) or 3.840(b) had been met. We granted the petition and ordered the child released.
The power to place juveniles charged with, or found to have committed, a delinquent act into detention is entirely statutory in nature. See S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996). Therefore, strict compliance with the statute is required. See A.S. v. Byrd, 777 So.2d 1171, 1172 (Fla. 4th DCA 2001). The Florida Statutes contain two separate, but identical, statutes on indirect criminal contempt in juvenile proceedings. Both sections 984.09(4)(b) (dependency actions) and 985.216(4)(b) (delinquency actions) provide that if a child is charged with indirect contempt of court, the court must hold a hearing within 24 hours to determine whether the child committed indirect contempt of a valid court order. At the hearing, certain due process rights must be provided to the child: (i) the right to a copy of the order to show cause alleging facts supporting the contempt charge, (ii) the right to an explanation of the nature and the consequences of the proceedings, (iii) the right to legal counsel, (iv) the right to confront witnesses, (v) the right to present witnesses, (vi) the right to have a transcript or record of the proceeding, and (vii) the right to appeal to an appropriate court.
Likewise, the Florida Rules of Juvenile Procedure contain two separate, but substantially identical, rules concerning the prosecution of indirect criminal contempt. Both rule 8.150(b) (delinquency proceedings) and rule 8.285(b) (dependency proceedings) provide that a juvenile accused of indirect criminal contempt must be provided with a show cause order, arraignment, representation by counsel, opportunity for bail, opportunity to personally appear before the court to offer facts in defense or mitigation of the contempt, and personal presence of the contemnor *1139 in open court upon pronouncement of sentence.
In a criminal contempt proceeding, a defendant must be afforded the due process rights provided by statute and rule. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985) (stating that indirect criminal contempt proceeding must fully comply with the procedural rule and defendants are entitled to due process protections); J.M.P.U. v. State, 858 So.2d 389 (Fla. 3d DCA 2003) (holding that a juvenile defendant could not be found in indirect criminal contempt, where defendant was not given specifics as to the acts which constituted the alleged contempt, and there was no information in the order to show cause informing defendant that he was subject to possible criminal penalties); Kersh v. State Farm Fire & Cas. Co., 686 So.2d 782 (Fla. 3d DCA 1997) (finding that defendant must be afforded notice of the charge, the specifics as to what conduct constituted the alleged contempt, and a hearing); Pryor v. Wille, 644 So.2d 346 (Fla. 4th DCA 1994) (quashing an order for indirect criminal contempt when the trial court failed to comply with the procedural rule); Benarroch v. Crawford, 516 So.2d 28, 29 (Fla. 3d DCA 1987) (holding that the defendant was denied due process because the procedural rule was not followed in any respect by the trial court). Juveniles are entitled to the due process rights afforded to them by rules 8.150(b) and 8.285(b), and sections 984.09(4)(b) and 985.216(4)(b). Absent a showing that those due process rights have been accorded in an indirect criminal contempt proceeding, a juvenile petitioner is entitled to habeas corpus relief. See R.G. v. State, 817 So.2d 1019 (Fla. 3d DCA 2002) (granting habeas corpus relief when juvenile charged with indirect criminal contempt was not afforded due process); May v. State, 623 So.2d 601 (Fla. 2d DCA 1993) (reversing finding of indirect criminal contempt when the juvenile was not afforded due process).
PETITION GRANTED.
POLSTON and THOMAS, JJ., concur.
NOTES
[1] Ordering the child to be placed in secure detention for 21 days appears to violate sections 984.09(2)(a) and 985.216(2)(a), Florida Statutes (2004), which provide that a delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility for 5 days for a first offense or 15 days for a second offense.