915 So.2d 747 (2005)
Daryl J. BURCKLE, Appellant,
v.
Judith A. BURCKLE, n/k/a Judith A. Clay, Appellee.
No. 2D04-3281.
District Court of Appeal of Florida, Second District.
December 9, 2005.
*748 Daryl J. Burckle, pro se.
No appearance for Appellee.
SILBERMAN, Judge.
Daryl J. Burckle (the father) appeals an order holding him in contempt of court. The trial court found that he was in willful contempt of an earlier order that had granted to Judith A. Burckle (the mother) unsupervised visitation with the parties' minor child. As a sanction, the trial court ordered a change in custody. Although we affirm the finding of contempt, we reverse the change in custody.
In the final judgment of dissolution of marriage entered in 1997, the trial court ordered shared parental responsibility over the parties' minor child with the mother having primary residential custody. In February 2002, the trial court entered a modification order granting the father primary residential custody of the child.
In March 2003, the mother filed a supplemental petition seeking to modify custody or visitation and requesting unsupervised visitation with the child. In September 2003, the trial court entered a supplemental final judgment allowing the mother to have unsupervised visitation and establishing a specific visitation schedule. In December 2003, the mother filed a motion for civil contempt and enforcement alleging that the father was thwarting her visitation rights, not cooperating with shared parental concerns regarding health issues, and "fostering Parental alienation." The mother requested an order enforcing or compelling compliance with the court's prior order and seeking make-up visitation. She did not request a change in custody.
Following a hearing that the father did not attend, the trial court entered the contempt order that is on appeal. The court found the father in willful contempt of the September 2003 order, noted his failure to *749 cooperate regarding the mother's right to exercise visitation, and stated that his "behavior is a classic example of parental alienation." The court concluded the father was incapable "of fulfilling his responsibility as the primary residential parent." As a sanction for the contempt, the court designated the mother as primary residential parent, directed the father to release the child to the mother, and established a visitation schedule.
The father argues the trial court erred in ordering a change in custody as a contempt sanction. He also argues the change in custody was improper because the mother did not ask for that relief in her motion for contempt. We agree with both points.
This court has held that a transfer of custody as a sanction for one parent's contempt in failing to abide by a visitation order is not appropriate. See LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1132-33 (Fla. 2d DCA 1999); see also Simpson v. Young, 884 So.2d 186, 188 (Fla. 2d DCA 2004). Such a sanction does not compel compliance with a court's earlier order; "rather, it may, in the absence of a finding that such a change is in the best interest of the children, penalize the children for the parent's contumacious conduct." VonHegel, 732 So.2d at 1133.
We have also held that when a party is not properly put on notice that a change of custody is sought, due process concerns are implicated. Pelliccia v. Arce, 867 So.2d 619, 620 (Fla. 2d DCA 2004). In Pelliccia, the father filed a motion for contempt instead of a petition to modify custody. In his prayer for relief, he requested a change in custody, but his motion did not assert that it would be in the child's best interest to modify custody. Id. Because the motion did not give proper notice that the father was seeking a change in custody and because the change in custody was ordered as a contempt sanction without consideration of the child's best interests, this court reversed the change in custody. Id. at 620-21.
Here, the mother's contempt motion did not request a change in custody or address the child's best interests. The motion failed to put the father on notice that custody was at issue, and it did not invoke the court's jurisdiction to consider a change in custody. See VonHegel, 732 So.2d at 1133. Moreover, the trial court did not evaluate the factors affecting the welfare and interests of the child as required by section 61.13(3), Florida Statutes (2003), and it did not make a determination of the child's best interests. Thus, we reverse the change in custody.
The father raises several other arguments concerning jurisdiction, due process, service of process, and notice. He also asserts that he has initiated custody proceedings in South Carolina and that the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, sections 61.501-.542, Florida Statutes (2003). Based on the record before us, we reject these arguments without further discussion.
Therefore, we affirm the trial court's finding of contempt, but we reverse the change in custody. On remand, the trial court may fashion a suitable sanction for the contempt. Our opinion does not preclude the trial court from considering custody issues that are properly brought before the court, and we make no determination as to the validity or the future impact of any proceedings that the father may have initiated in another state.
Affirmed in part, reversed in part, and remanded.
DAVIS and VILLANTI, JJ., Concur.