957 So.2d 1258 (2007)
Yilka DE CASTRO, Appellant,
v.
Scorpio DE CASTRO, Appellee.
No. 3D06-1315.
District Court of Appeal of Florida, Third District.
May 9, 2007.
Lewis K. Hanna, Boca Raton, for appellant.
Pollack & Rosen and Mark E. Pollack, Coral Gables, for appellee.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
*1259 ROTHENBERG, Judge.
Yilka De Castro ("mother") appeals the trial court's order finding her in indirect criminal contempt, modifying the Final Judgment of Dissolution of Marriage, and sentencing the mother to a term of incarceration. We conclude, and Scorpio De Castro ("father") candidly admits, that the requirements of Florida Rule of Criminal Procedure 3.840 were not followed. Thus, reversal of the order under review is mandated on this ground, as well as on additional grounds which are addressed below.
The mother and the father were divorced by a Final Judgment of Dissolution of Marriage in March of 2001 ("Final Judgment"). As is unfortunately all too common in post-dissolution cases involving minor children, there has been on-going conflict between the father and mother regarding visitation. The record reflects numerous motions filed by the father seeking both compliance and contempt based upon the mother's failure to comply with the Final Judgment, the General Master's recommendations, and the trial court's orders regarding visitation.
The order under review is entitled "Finding of Indirect Criminal Contempt And Order Of Commitment," dated May 26, 2006. This order was entered by the trial court based upon the father's pro se Motion For Contempt And/Or Enforcement, dated April 14, 2006; an Order Setting Hearing on the respondent's Motion For Contempt/Enforcement, dated May 5, 2006, an Amended Motion For Contempt And/Or Enforcement filed by the father's counsel, dated May 12, 2006; and the evidence presented at the May 25, 2006, special set hearing. The trial court's order concludes that the mother "has been given numerous opportunities to come into compliance with visitation provisions but continues to willfully and flagrantly disregard Court Orders"; grants the father's motion for contempt; sentences the mother to sixty days incarceration to begin on June 1, 2006; awards the father temporary custody of the minor child; modifies the judgment to award the father the sole decision making authority concerning the minor child's extracurricular activities; and grants the father all fees and costs related to the motion within fifteen days of presentation and proof thereof.
Florida Rule of Criminal Procedure 3.840 provides the procedure that must be followed in the prosecution of indirect criminal contempt. The rule provides, among the listed provisions, specific requirements regarding notice; the opportunity of the respondent to be heard and to present evidence regarding the allegations; and the opportunity which must be afforded the respondent to present mitigation evidence upon a finding of indirect criminal contempt prior to the imposition of sentence. Rule 3.840 provides in pertinent part as follows:
Rule 3.840. Indirect Criminal Contempt
A criminal contempt, except as provided in rule 3.830 concerning direct contempts, shall be prosecuted in the following manner:
(a) Order to Show Cause. The judge, on the judge's own motion or an affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
. . . .

*1260 (f) Verdict; Judgment. At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty.
(g) Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against the defendant and inquire as to whether the defendant has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.
Because a criminal contempt proceeding is punitive in nature, potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in a more typical criminal proceeding. De Mauro v. State, 632 So.2d 727, 730 (Fla. 3d DCA 1994). The trial court may issue an order to show cause for indirect criminal contempt on its own motion if the trial judge has adequate knowledge of the events in question. Where the show cause order is, however, premised upon facts outside the trial court's knowledge, the order must be based upon an affidavit or sworn testimony of an individual having personal knowledge of the essential facts. See Mendana v. Mendana, 911 So.2d 130 (Fla. 3d DCA 2005)(holding that where a sworn affidavit which sets forth the essential facts is attached to the order to show cause, the show cause order is sufficient); Proctor v. State, 764 So.2d 752 (Fla. 2d DCA 2000)(holding that predicating a finding of criminal contempt on an unsworn motion for an order to show cause amounted to fundamental error); Hunt v. State, 659 So.2d 363 (Fla. 1st DCA 1995)(finding that a show cause order must be based on an affidavit or sworn testimony of an individual having personal knowledge of the essential facts).
The contempt proceeding in the instant case was based upon a motion filed by the father and a notice of hearing. No show cause order was issued by the trial judge, no affidavit or sworn testimony accompanied the motion or notice of hearing, and neither the motion nor the notice of hearing put the mother on notice that she was potentially facing criminal penalties. See J.M.P.U. v. State, 858 So.2d 389 (Fla. 3d DCA 2003)(reversing findings of contempt where defendant was not provided with the specifics regarding the alleged contempt and there was no information in the rule to show cause informing the defendant that he was subject to criminal penalties); Micciche v. State, 626 So.2d 1028 (Fla. 3d DCA 1993)(holding that a witness found in contempt in a criminal case must be informed in the show cause order whether he is being charged with direct or indirect civil or criminal contempt and, if he was being charged with indirect criminal contempt, the order must recite facts constituting contempt); Paris v. Paris, 427 So.2d 1080 (Fla. 1st DCA 1983)(holding that receipt of a motion for contempt and notice of hearing, rather than formal pleadings required by the rule governing indirect criminal contempt procedures, is insufficient for purpose of apprising one to be prepared to stand ready to answer a charge of criminal contempt).
In addition to the procedural errors regarding notice that have already been addressed, is the trial court's written pronouncement finding the mother in contempt and sentencing her to incarceration *1261 without providing her with an opportunity to present evidence in mitigation of her conduct. See Mendana, 911 So.2d at 135 (trial court was required to allow former husband the opportunity to present evidence in mitigation of his behavior prior to its pronouncement of the sentence for indirect criminal contempt).
The Florida Supreme Court and this court have long held that the failure to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840 constitutes fundamental error. Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Decoro v. State, 771 So.2d 627 (Fla. 3d DCA 2000); De Mauro v. State, 632 So.2d 727 (Fla. 3d DCA 1994). The trial court's failure to comply with the procedural requirements of rule 3.840, therefore, requires reversal.
We also conclude that the trial court's sua sponte modification of the Final Judgment awarding the father temporary custody of the parties' minor child and granting the father sole decision making authority concerning the minor child's extracurricular activities, was error. See Pelliccia v. Arce, 867 So.2d 619 (Fla. 2d DCA 2004)(affirming order of contempt but reversing that portion of the order modifying custody for failure to comply with visitation order because the proceedings were commenced upon a motion for contempt, not a petition to modify custody, and there was no finding that the modification was in the best interest of the child); LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131 (Fla. 2d DCA 1999)(finding that in a post-dissolution hearing on the father's motion to find the mother in contempt for interfering with his visitation rights, the trial court had no jurisdiction to enter an order transferring custody of minor children to father where mother received no notice regarding modification of custody).
Reversed and remanded.