960 So.2d 862 (2007)
Nickoel TARTER, Appellant,
v.
Jason TARTER, Appellee.
No. 1D06-6404.
District Court of Appeal of Florida, First District.
July 12, 2007.
Rhonda S. Clyatt, Panama City, for Appellant.
Russell K. Ramey and William Michael Hunter, Panama City, for Appellee.
PER CURIAM.
Nickoel Tarter (the former wife) appeals an order denying the Suggestion of Contempt filed by Jason Tarter (the former husband), appellee, and modifying the parties' temporary custody order to require rotating custody. She contends that the trial court denied her due process of law when the court modified primary residential custody and visitation at a hearing on the former husband's Suggestion of Contempt. We agree and reverse.
The former husband filed a Suggestion of Contempt, not a petition to modify custody. Although he requested a change of custody in his prayer for relief in the Suggestion of Contempt, he did not allege facts to support the trial court changing the primary residential parent for the parties' minor child. Notably, there was no allegation that a change of custody would be in the child's best interest. See Pelliccia v. Arce, 867 So.2d 619, 620 (Fla. 2d DCA 2004). Moreover, the amended notice of hearing stated only that the contempt motion would be heard and did not advise the former wife that a modification of custody was being sought. See Moody v. Moody, 721 So.2d 731 (Fla. 1st DCA 1998)(reversing an order which transferred child custody and canceled the husband's child support obligation where the notice for hearing stated that the court would entertain a motion for contempt). At the hearing on the contempt motion, when the trial court advised the parties that it was contemplating a change in custody, the former wife immediately objected on due process grounds. Although the trial court did state that it was changing custody "in the best interest of the minor child," the trial court did not evaluate the factors *864 affecting the welfare and interest of the child as required by section 61.13(3), Florida Statutes (2006). See Burckle v. Burckle, 915 So.2d 747, 749 (Fla. 2d DCA 2005)(reversing change of custody as a sanction for contempt where contempt motion did not put former husband on notice that custody was at issue and trial court did not evaluate section 61.13(3) factors).
Accordingly, the cause is REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER, DAVIS, and VAN NORTWICK, JJ., concur.