PER CURIAM.
 

 S.B. filed a petition for writ of habeas corpus asserting that he was being unlawfully detained in secure detention beyond the 21-day statutory limit. We granted the writ by unpublished order and now issue this opinion to explain our decision.
 

 S.B. has been charged in three separate petitions with felony offenses, which are in various procedural stages. After serving the 21-day statutory limit on his offenses, S.B. was released on January 1, 2009. All of S.B.’s cases were scheduled for hearing on February 12, 2009, but S.B. failed to appear for the hearing. He was thereafter taken into custody on February 19, 2009. Following a detention hearing, the trial court placed S.B. in secure detention again for 21 days, with a release date of March 12, 2009.
 

 On March 12, 2009, the trial court reviewed S.B.’s detention status. Counsel for S.B. advised the court that the statutory time had expired and that S.B. should be released. The State essentially agreed that the 21-day time period had expired but requested further detention. The trial court placed S.B. in secure detention until April 9, 2009, stating: “Based on the dangers to the community and danger to the children and danger to everybody else, I’m going to order him to stay in detention until another Court tells me otherwise.”
 

 The State’s power to detain juveniles charged with delinquent acts “is entirely statutory in nature.”
 
 W.C. v. Smith,
 
 898 So.2d 1137, 1138 (Fla. 1st DCA 2005). Thus, courts must strictly comply with controlling statutory provisions.
 
 Id.
 
 Subject to exceptions not relevant here, section 985.26(2), Florida Statutes (2008), prohibits the detention of a juvenile for more than 21 days on the same offense: “A child may not be held in secure, nonsecure, or home detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.” Once a juvenile has been detained on an offense, “that juvenile cannot be placed back into detention on the same charge prior to an adjudicatory hearing on that charge.”
 
 A.M.W. v. Portesy,
 
 714 So.2d 1170, 1171 (Fla. 2d DCA 1998).
 

 Here, the trial court had not commenced an adjudicatory hearing for any of S.B.’s cases. Thus, the trial court erred by holding S.B. in secure detention beyond the statutory limit based on the circumstances of his offenses and the court’s conclusion that S.B. posed a danger to the community. Counsel for respondent correctly acknowledges that the Legislature has not authorized continued secure detention of juveniles beyond the 21-day statutory time limit based on danger to the community.
 

 PETITION GRANTED.
 

 WOLF, KAHN, and BENTON, JJ., concur.