30 So.3d 725 (2010)
R.N., a minor, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D10-1194.
District Court of Appeal of Florida, Fourth District.
April 7, 2010.
Jonathan Jay Kirschner of Jonathan Jay Kirschner, Esq. & Associates, LLC, Fort Pierce, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. Mclntire, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
R.N., a twelve year old juvenile, petitions this court for a writ of habeas corpus seeking release from secure detention. R.N. was detained on December 16, 2009, following the State's filing of a petition for delinquency. R.N. is charged with several counts of sexual battery and lewd and lascivious conduct. His secure detention has continued since then because of the "good cause" demonstrated for continuances of his adjudicatory hearing.
This court granted R.N.'s first petition and directed the trial court to immediately conduct the hearing required by Florida Statute section 985.26(4) to determine if there exists the "need for continued detention of the child." We noted that the need for further continuance of the proceedings is a separate inquiry apart from the need for continued detention. Following a hearing, the trial court continued the secure detention, again referencing only the need for the further continuance.
We grant the petition once again. Upon reviewing the applicable statute we maintain that once detained for thirty days,[1] the trial court shall hold a hearing at the end of each 72 hour period to "determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state." See § 985.26(4), Fla. Stat. (2009) (emphasis added). See also J.J. v. Fryer, 765 So.2d 260, 263 (Fla. 4th DCA 2000) ("The power to place those charged with ... a delinquent act in detention is entirely statutory in nature.") (quoting S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996)).
We recognize that subsection (4) provides that the time limits in subsections (2) and (3) do not include periods of delay resulting from a continuance granted by the court for cause on motion of the child or his or her counsel or of the state. However, the remaining language of that section requires the trial court to conduct a hearing at the end of each 72 hour period "to determine the need for continued detention of the child and the need for further continuance of proceedings for the child or the state." In this case the trial *726 court has only determined the need for further continuance, not the separate inquiry concerning the continued need for detention. See generally S.B. v. Parkins, 10 So.3d 207 (Fla. 1st DCA 2009).
We therefore grant the petition and direct the trial court to immediately conduct a hearing to consider the need for continued detention, apart from the need for a further continuance.
Petition granted.
DAMOORGIAN, CIKLIN and GERBER, JJ., concur.
NOTES
[1] In this case, thirty days is the applicable time period because it involves an offense that would be, if committed by an adult, "a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual." See § 985.26(2), Fla. Stat. (2009).