CASANUEVA, Judge.
 

 Napoleon Hunter, Jr., the Father, appeals an order which changed the primary residential parent of the parties’ children from him to the Mother, Latrailya Hunter. We reverse the trial court’s order on three bases.
 

 The trial court rendered a final judgment dissolving the parties’ marriage on September 30, 2009. Among its provisions was that the Father have primary residential custody of the minor children. Thereafter, unfortunately, the children’s visitation with the Mother did not occur without difficulty. To enforce her right to visitation, the Mother sought and received a contempt order which awarded her substantial make-up visitation. When the Father again failed to deliver the children as ordered, the Mother filed another motion for contempt and a verified motion for an emergency pick-up order for the minor children. Following what appears to have been a nonevidentiary hearing, the trial court ordered that the children be picked up and delivered to the Mother and that she have primary residential custody of the minor children. - The trial court made no written findings whether the transfer of primary residential custody of the children was in their best interests.
 

 Initially, we address the trial court’s order transferring custody pursuant to a motion for contempt. This court has held that a transfer of custody is not an appropriate sanction for contempt.
 
 La-Loggia-VonHegel v. VonHegel,
 
 732 So.2d 1131, 1133 (Fla. 2d DCA 1999). Generally, the purpose of a motion for contempt and a contempt order is to obtain compliance
 
 *1215
 
 with a prior court order. In the absence of a finding that a change in custody is in the children’s best interest, such a change may “penalize the children for the parent’s contumacious conduct.”
 
 Id.
 
 at 1133; see
 
 also Burckle v. Burckle,
 
 915 So.2d 747, 749 (Fla. 2d DCA 2005) (same) (citing
 
 LaLog-gia-VonHegel).
 
 Therefore, it was error to change child custody in these circumstances as punishment for the Father’s contumacious conduct.
 

 Second, where a party is not properly put on notice that the opposing party is seeking a change in the primary residential custody of the parties’ children, a violation of due process occurs.
 

 Basic elements of due process in any judicial proceeding, especially custody battles, are notice and the opportunity to be heard.
 
 See Connors v. Connors,
 
 327 So.2d 877 (Fla. 2d DCA 1976). “The trial court cannot modify a custody order unless the court’s subject matter jurisdiction has been properly invoked by appropriate pleadings, proper service of process has been had and there is given proper notice and opportunity to be heard on that issue.”
 
 Richmond v. Richmond,
 
 537 So.2d 1039, 1040 (Fla. 5th DCA 1988).
 

 Busch v. Busch,
 
 762 So.2d 1010, 1011 (Fla. 2d DCA 2000). In
 
 Busch,
 
 the mother received no notice that the custody of the children was at stake at the hearing on the father’s emergency motion seeking injunc-tive relief to keep the mother out of the former marital home. The trial court transferred custody of the children to the father after a hearing on that motion. This court reversed, holding that the lack of notice denied the mother “a meaningful opportunity to respond to the [father’s] evidence” against her.
 
 Id.
 

 Likewise in this case, the trial court violated the Father’s rights to due process by changing the primary residential custody of his children without providing him prior notice that such a result might occur. In neither of the Mother’s motions did she seek a change of primary residential custody. This violation of the Father’s rights is apparent on the face of the record and mandates reversal despite the lack of a hearing transcript in our record.
 
 See Larocka v. Larocka,
 
 43 So.3d 911, 912-13 (Fla. 5th DCA 2010) (reversing an order although no transcript of the trial proceedings was in the record because the error appeared on the face of the judgment or the record).
 

 Third, the trial court’s failure to comply with the requirements of section 61.13(4)(c), Florida Statutes (2010), also mandates reversal. This section identifies the relief available to a party from a trial court when a parent refuses to honor the time-sharing schedule set forth in the parenting plan. There are several available remedies, but pertinent to the instant cause is the remedy afforded by subsection (4)(c)(6) which provides that the court “[m]ay, upon the request of the parent who did not violate the time sharing schedule, modify the parenting plan if modification is in the best interests of the child.” Not only did the Mother not invoke this provision, the trial court made no finding that a change of custody was in the best interests of these children.
 

 We reverse the order on appeal and remand with directions to enter an order returning the primary residential custody of the children to the Father. This disposition is without prejudice to the Mother to seek any relief to which she may be entitled.
 

 Reversed and remanded with directions.
 

 WALLACE and CRENSHAW, JJ„ Concur.