PER CURIAM.
Napoleon Hunter, Jr., the Father, appeals a postdissolution of marriage order which changed the primary residential parent of the parties’ children from him to the Mother, Latrailya Hunter. This is Mr. Hunter’s second attempt to reverse this change and follows closely his first. In his first attempt, an appeal of the trial court’s nonfinal order, we reversed. See Hunter v. Hunter, 65 So.3d 1213 (Fla. 2d DCA 2011) (Hunter I). Hunter I provided Mr. Hunter the necessary relief. During the pendency of the appeal in Hunter I, the trial court issued a final order that was substantially the same as the previous non-final order except that the trial court added a finding of contempt against Mr. Hunter. We must again reverse.
Because the order on appeal is substantially the same as the order in Hunter I, we will not repeat here the reasons why the trial court erred in entering this second order. Furthermore, Mr. Hunter’s appellate counsel has not briefed as an issue in this appeal the only substantive difference in the two orders — a finding of contempt — and thus has waived any potential error on appeal. See David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 281 (Fla. 2d DCA 2008) (holding that where appellant omits to address in the initial brief a trial court error raised in the appeal, the appellate court will deem such potential issue waived or abandoned); accord Kenyon v. Kenyon, 496 So.2d 839, 840 (Fla. 2d DCA 1986); Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958 (Fla. 4th DCA 1983).
However, the primary reason we must reverse is because Florida Rule of Appellate Procedure 9.130(f) divested the trial court of jurisdiction to enter the second order:
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
And there has been no stay entered in this cause.
Reversed and remanded for further proceedings.
CASANUEVA, CRENSHAW, and MORRIS, JJ., Concur.