KHOUZAM, Judge.
In this postjudgment dissolution proceeding, Raushanah N. Najeeullah, the former wife, challenges two circuit court orders: (1) the February 20, 2014, order holding her in indirect criminal contempt and prohibiting contact with her child until she complies with prior court orders; and (2) the March 5, 2014, order denying her motion to set aside judgment. We reverse *279 the indirect criminal contempt order insofar as it prohibits Najeeullah from contacting her child. We otherwise affirm without comment.
Upon motion by the appellee, the former husband, the court issued an order to show cause why Najeeullah should not be held in contempt for failing to comply with a number of court orders. Following a hearing, Najeeullah was held in indirect criminal contempt. As a sanction, the court ordered that she was to have “no further contact with the minor child whatsoever until such time that she brings herself in compliance with this court[’]s orders.” Neither the appellee’s motion nor the order to show cause had informed Najeeullah that the custody arrangement could be altered as a sanction for contempt. On appeal, Najeeullah contends that she did not have notice that the custody arrangement could be altered as a sanction in the criminal contempt proceedings and that there was no finding that the change in the custody arrangement was in the best interests of the child.
We agree and hold that a change to a child custody arrangement is an improper sanction for criminal contempt under the circumstances presented by this case. This court has consistently held that changing a child custody arrangement is an inappropriate sanction for civil contempt. See LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1133 (Fla. 2d DCA 1999); see also Hunter v. Hunter, 65 So.3d 1213, 1214-15 (Fla. 2d DCA 2011); Burckle v. Burckle, 915 So.2d 747, 749 (Fla. 2d DCA 2005); Pelliccia v. Arce, 867 So.2d 619, 620 (Fla. 2d DCA 2004). Two of the reasons this court has expressed for invalidating such a sanction in civil contempt orders apply equally to the criminal eon-tempt order at issue here.[1] First, Na-jeeullah was not provided notice that the contempt proceedings could result in a change to the custody arrangement. See Pelliccia, 867 So.2d at 620 (“[D]ue process concerns were implicated when a party was not properly put on notice that a change of custody was being sought.”). Second, the record before this court does not contain a finding that the change in custody was in the best interests of the child. See Burckle, 915 So.2d at 749 (reversing the change of custody as a sanction for contempt in part because “the trial court did not evaluate the factors affecting the welfare and interests of the child ... and it did not make a determination of the child’s best interests”).
For these reasons, we reverse the indirect criminal contempt order insofar as it prohibits Najeeullah from having contact with her minor child. The orders on appeal are otherwise affirmed.
Reversed in part and affirmed in part.
NORTHCUTT and LaROSE, JJ., Concur.

. The other reason for invalidating such a sanction in a civil contempt order is that changing a custody arrangement runs afoul of the general purpose of civil contempt, which is to obtain compliance with a court order. See VonHegel, 732 So.2d at 1133.