# Third District Court of Appeal

## State of Florida

Opinion filed August 4, 2016.

_____

No. 3D16-1821
Lower Tribunal No. 09-30584
_____

**Michael Richard Maher,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Sandy T. Fox; Nancy A. Hass (Hollywood), for petitioner.

Daniel Junior, Department of Corrections and Rehabilitative Services; Steven Friedman (Pembroke Pines) for Ana Paula Maher, respondent.

Before WELLS, SALTER and LOGUE, JJ.

PER CURIAM.

Michael Richard Maher petitions for a writ of habeas corpus challenging his detention and $100,000 bail pending a hearing on an indirect criminal contempt

charge. We grant the writ and order Maher's release forthwith.

Maher appeared at an August 3, 2016, hearing on an order to show cause stemming from his failure to comply with a previous court order. At that hearing the court informed Maher of the charges against him, explained his rights, and informed him that a later hearing would be set on the matter to permit Maher to present evidence, testimony, and be represented by counsel.

The court went on to inform Maher that he was

> not entitled to a jury trial because even if you were to be found guilty at that hearing, a future hearing, the sentence would never be more -- it would always be less than six months in the county jail. But I do have a problem with your coming back for that hearing where testimony will be taken and you facing time in the county jail, if you were to be found guilty. So for that reason, sir, I'm going to take you into custody right now, and I'm going to set bail for you to be released, if you post the bail. The bail will be in the sum of $100,000. I am convinced that facing a potential jail time you are not going to come back for the hearing of the Order to Show Cause where testimony will be taken. That hearing will be either September 19th or September 23rd.

Maher's counsel objected to the incarceration, and expressed that an Order to Show Cause, consistent with Florida Rule of Criminal Procedure 3.840, had not been entered authorizing Maher's incarceration. Additionally, counsel argued that there was no evidence to support Maher's ability to pay a $100,000 bond. The court noted the objections and set the hearing for September 19. It entered an order of commitment for Maher's detention.

The petition must be granted, and the detention order must be quashed. The

2

trial court impermissibly detained a litigant - who appeared in compliance with a show cause order - to ensure his presence at a later hearing. While Rule 3.840(c) permits the arrest of a defendant if the judge has reason to believe the "defendant will not appear in response to the order to show cause," Maher had, in fact, appeared in court on August 3, as ordered, in response to the show cause order.

Moreover, and fatal to the incarceration of this litigant, the notice of the August 3 show cause hearing did not advise Maher that he was subject to criminal contempt proceedings. J.M.P.U. v. State, 585 So. 2d 389 (Fla. 3d DCA 2003). Maher was not advised that he faced a criminal penalty at that hearing. Anton v. Anton, 106 So. 3d 34 (Fla. 3d DCA 2013). The notice warned Maher that failure to appear at the hearing "may result in the court issuing a writ of bodily attachment." Maher did appear.

The trial court's failure to follow the procedures for contempt merits issuance of the writ of habeas corpus, requiring Maher's immediate release from custody. Durant v. Boone, 509 So. 2d 1275 (Fla. 1st DCA 1987).

Maher's petition also requested that the trial judge of that circuit court reassign the case to another judge for hearing. Our opinion granting Maher's petition for habeas corpus is without prejudice to Maher filing an appropriate motion to recuse the trial judge.

Petition granted; no rehearing will be entertained.

3