# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2019.
Not final until disposition of timely filed motion for rehearing.

————————————

Nos. 3D17-1747 & 3D17-1107
Lower Tribunal No. 16-10767

————————————

## Keisha Andre,

Appellant,

vs.

## Guillermo Manuel Abreu,

Appellee.

Appeals from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Martinez-Scanziani & Associates Law, P.A., and Denise Martinez Scanziani, for appellant.

Guillermo Manuel Abreu, in proper person.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

PER CURIAM.

Appellant Keisha Andre appeals the trial court's order finding her in contempt. On its face, the Order impermissibly modifies the parties' timesharing as

a sanction against Ms. Andre. See De Castro v. De Castro, 957 So. 2d 1258, 1259-61 (Fla. 3d DCA 2007) (concluding that modification of a timesharing plan is inappropriate as a sanction for contempt); see also Duncan v. Brickman, 233 So. 3d 477, 480-81 (Fla. 2d DCA 2017); Tarter v. Tarter, 960 So. 2d 862, 863-64 (Fla. 1st DCA 2007). At the time the Order was entered, there was no pending petition to modify or finding made that modification was in the best interest of the minor. See De Castro, 957 So. 2d at 1261 (citing Pelliccia v. Arce, 867 So. 2d 619, 620-21 (Fla. 2d DCA 2004) (reversing order modifying custody because proceedings were commenced upon a motion for contempt and there was no finding that modification was in the best interest of the child); see also Albert v. Rogers, 57 So. 3d 233, 236-37 (Fla. 4th DCA 2011). This error is clear on the face of the Order. See Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011) (citing Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990) (finding reversible error on the face of the amended judgment alone).

Reversed and remanded.

2