537 So.2d 1039 (1988)
Kimberly S. RICHMOND, Appellant,
v.
Ronald E. RICHMOND, Appellee.
No. 88-962.
District Court of Appeal of Florida, Fifth District.
December 29, 1988.
Rehearing Denied February 8, 1989.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellant.
David E. Disney of Martin, Stanley, Biernacki and Disney, P.A., DeLand, for appellee.
ORFINGER, Judge.
Kimberly Richmond appeals from an order denying her motion to dissolve a temporary change of custody order.[1]
Kimberly (hereafter mother) and Ronald Richmond (hereafter father) were divorced on May 14, 1986. In approving a settlement agreement, the court while finding that both parents were fit and proper to have custody of the couple's 4 1/2 year old child, awarded primary residential custody to the mother, giving frequent visitation rights to the father.
On June 3, 1986, the father filed a verified motion requesting a temporary change in custody, without notice to the mother, alleging that an emergency existed because of the mother's hospitalization, the mother's "suicidal tendencies" as well as her impending arrest for allegedly embezzling funds from her employer. The trial court granted the motion, ordering a temporary change in residential custody of the child "until further order of this court." The mother subsequently filed a motion to dissolve the temporary order, alleging that she was now fit and able to resume custody.
At the evidentiary hearing on the motion, evidence was presented by the mother, essentially without dispute, that she had recovered from the difficulties which had caused her earlier hospitalization, and that she was fully capable of resuming primary custody of her child. The father presented testimony to the effect that he was better able to provide a good home for the child and that it was in the child's best interest *1040 that custody remain with him. After hearing the evidence, the trial court denied the motion to dissolve the temporary change of custody order, but "encourage[d] the parties to arrange substantial visitation for the former wife ..."
The mother argues that reversal is mandated because the trial court was only confronted with her motion to dissolve the ex parte temporary change of custody order and that nothing else was before the court. She maintains that since the evidence at the time of the hearing showed she was fully capable of caring for the child, the court, in the absence of a counter-petition by the father seeking a change of custody was required to dissolve its earlier order, thereby reverting to the terms of the final judgment whereby she was given primary physical custody of the child. We agree, and reverse the order appealed from.
The only motion before the trial court was the mother's motion to dissolve the ex parte temporary change of custody order. The order was just that, an emergency order entered without prior notice or an opportunity to be heard, for a temporary period and predicated solely on the allegations of the father's sworn motion. The mother's motion to dissolve however, sought to return the parties to the status quo ante, alleging, inter alia, that she is fit to care for the child. In the absence of a counter-petition, the issue at the April 11, 1988 hearing should have been limited to whether the mother was able to resume as primary custodian of the child as per the final judgment. The evidence in this regard seems to clearly support the mother's position.
By denying the wife's motion and requiring the parties to arrange that she have substantial visitation privileges, the court in effect was modifying the final judgment, when that issue had not been presented in any pleading and was not before the court. The trial court cannot modify a custody order unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, proper service of process has been had and there is given proper notice and an opportunity to be heard on that issue. See Schnicke v. Schnicke, 533 So.2d 337 (Fla. 5th DCA 1988). The father has a right to seek modification of the final judgment, but he must do so by appropriate pleadings and then bear the heavy burden of proving the necessary change of circumstances as would warrant the change of custody. See McGregor v. McGregor, 418 So.2d 1073 (Fla. 5th DCA 1982); Stricklin v. Stricklin, 383 So.2d 1183 (Fla. 5th DCA 1980).
The order appealed from is reversed, and the cause is remanded with directions to vacate the order granting temporary custody to the father, without prejudice to the right of the father to seek modification of the final judgment by proper pleadings and proof.
REVERSED AND REMANDED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(iii).