COBB, Judge.
The final judgment of dissolution and the order denying attorney’s fees to the wife are affirmed in all respects except for the provision in the final judgment of dissolution which automatically transfers primary physical residence of the parties’ two year old daughter from the husband to the wife one year from the date of that judgment. We strike this provision.[1]
The trial court ordered primary physical residence of the child to be with the husband because of the wife’s volatile emotional state. Substantial competent evidence supports this decision. See, e.g., Hallman v. Hallman, 575 So.2d 738 (Fla. 5th DCA 1991), Anderson v. Anderson, 494 So.2d 237 (Fla. 4th DCA 1986). Under Florida law, primary physical residence remains with the husband unless and until the wife can show, in a modification proceeding, a valid, recognized reason for transfer of such residence. See Dobbins v. Dobbins, 584 So.2d 1113 (Fla. 1st DCA 1991), rev. denied, 598 So.2d 75 (Fla.1992); Sanchez v. Sanchez, 575 So.2d 744 (Fla. 5th DCA 1991); Richmond v. Richmond, 537 So.2d 1039 (Fla. 5th DCA 1988).
JUDGMENT AND ORDER AFFIRMED; PROVISION IN JUDGMENT STRICKEN.
DAUKSCH and PETERSON, JJ., concur.

. This provision was based entirely on the trial court’s stated bias in favor of allowing the mother’s home to serve as the primary physical residence for the daughter assuming the mother’s "act is cleaned up.” This bias, however, is contrary to the dictates of section 61.13(2)(b)l, Florida Statutes.