PER CURIAM.
Marlene Hendershot appeals a final order that modified the child custody provisions of her dissolution judgment to give her former husband primary residential custody of their son. The order was entered at a hearing that was noticed for the former husband’s motion for contempt. His motion did not seek a change in residence.
We reverse the order because the trial court could not determine matters not noticed for hearing or award relief not sought by the pleadings. See McDonald v. McDonald, 732 So.2d 505 (Fla. 4th DCA 1999); Szymanski v. Szymanski, 603 So.2d 73 (Fla. 4th DCA 1992). We reject the argument that sufficient notice was provided by the trial court’s written warning to the appellant in a 1997 order that she could lose residential custody if she continued to deny visitation. That two-year-old warning was insufficient to put the appellant on notice that a change of custody might occur as a result of this hearing. See Hart v. Hart, 458 So.2d 815, 816 (Fla. 4th DCA 1984).
REVERSED.
KLEIN, STEVENSON and HAZOURI, JJ., concur.