762 So.2d 1010 (2000)
Diane C. BUSCH, Appellant,
v.
William C. BUSCH, Appellee.
No. 2D99-2582.
District Court of Appeal of Florida, Second District.
July 12, 2000.
Virginia R. Vetter, Tampa, for Appellant.
Robert Persante of Albinson & Persante, P.A., Clearwater, for Appellee.
GREEN, Judge.
Diane C. Busch appeals from the dissolution of marriage final judgment which awards primary custody of her children to her former husband. We reverse because the trial court violated her right to due process by changing the custody of the minor children without the requisite pleadings or notice of hearing.
Following a hearing on October 8, 1997, the trial court entered a temporary order granting the wife primary residential care of the parties' four minor children. A final dissolution hearing was held *1011 on August 28 and September 23, 1998, during which the trial court orally granted the wife custody of the parties' children. Thereafter, the husband filed a motion for emergency relief seeking an injunction to keep the wife out of the former marital home. The issue of custody was not mentioned in the motion or notice of hearing. However, during the motion hearing on November 2, 1998, the husband sought custody of the children and brought a witness to testify to events reflecting on the wife's character and fitness as a parent. Thereafter, the trial court changed primary custody of the children to the father and entered orders to that effect.[1] Several motions and hearings later, the trial court entered a final judgment of dissolution of marriage on June 4, 1999, nunc pro tunc to November 2, 1998.
Basic elements of due process in any judicial proceeding, especially custody battles, are notice and the opportunity to be heard. See Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976). "The trial court cannot modify a custody order unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, proper service of process has been had and there is given proper notice and opportunity to be heard on that issue." Richmond v. Richmond, 537 So.2d 1039, 1040 (Fla. 5th DCA 1988). Here, prior to the November 2 hearing, the wife was given no warning that the custody of her children was at stake. She appeared at the hearing unrepresented by counsel and was unprepared to rebut the unfavorable evidence presented against her. Because she received no notice and was denied a meaningful opportunity to respond to the husband's evidence, the trial court erred in ordering the change of custody.
The husband argues that the wife's failure to appeal the custody orders within thirty days renders the appeal untimely. Although the wife could have challenged the orders under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), which provides for the interlocutory appeal of child custody matters, she is not now precluded from doing so. Subsection (g) of rule 9.130 states: "This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause." Therefore, the wife is entitled to challenge the change of custody in this timely appeal from the final judgment of dissolution.
Based on the length of time that has passed since the final hearing, a new trial on the issue of custody of the three minor children (one child is no longer a minor) is required. See Caswell v. Caswell, 674 So.2d 861 (Fla. 2d DCA 1996). The trial court can then resolve pending issues as to the parties' fitness as parents and determine the best interests of the children.
Reversed and remanded.
THREADGILL, A.C.J., and WHATLEY, J., Concur.
NOTES
[1] The trial court entered two orders regarding the issue of custody. The first, which is mislabeled "Husband's Motion For Emergency Relief," was apparently submitted by the husband's counsel and entered the day of the hearing. Later, on November 24, 1998, the trial court entered a second comprehensive order which ruled on all of the husband's emergency motions heard on November 2 and, because of the lack of a transcript of the proceedings, relayed the events that transpired at the hearing leading to its decision to change the children's primary custody to the husband.