[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR RECONSIDERATION OR REARGUMENT EN BANC
This is to pursue to the Practice Book Section 71-5 requesting the Court to reconsider the decision of AC20269 and AC20276, argued on April 3, 2001 before Judge Landau, Judge Flynn and Judge Daly, officially released July 31, 2001.
SPECIFIC FACTS
1) The main issues of this appeal are the Trial Court, Judge Brennan, not only violated the defendant's 14th constitutional rights but also violated General Statutes of Connecticut, section 46b-94 which states "Before making a decree under this chapter or section 45b-56 or 46b-57, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of the child." The motion heard, in which the Trial Court modified the judgment of the physical custody and residence of the minor child from the defendant mother to the plaintiff father, was a motion on for order to CT Page 10768 change school, not a motion for modification of custody. Under the due process clause, the Trial Court cannot modify a support order or other adjudicated right unless the Trial Court's subject matter jurisdiction has been properly invoked by appropriate pleadings, and that invoked jurisdiction has been perfected by the proper service of process and due process notice and an opportunity to be heard on that issue has been had. The en banc consideration is necessary to ensure and maintain uniformity of the Court's established precedent decisions as cited in the defendant's brief, as well as in the federal cases of Moody v. Moody 721 So.2d 731. and Richmond v. Richmond 537 So.2d 1039.
 2) On the opinion of this appeal AC20269, the Court declined to review the defendant's claims (A) due to the Trial Court, Judge Brennan, did not write memorandum of decision and the defendant did not submit a signed copy of any oral decisions, per Practice Book Sec. 64-1. The Trial Court's written order, typed by the Trial Court dated November 10, 1999 in which the Trial Court revised and signed on November 15, 1999 is part of the appellate Court certified RECORD. (Record Page 44-45) Under Sec. 64-1, "if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal". And it continues "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision, the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with paragraph (a).
 3) The Court in part declined to review the defendant's claims because the Court thought the Trial Court's handwritten notations on the order section of the motion such as the motion for child support dated January 26, 2000 (part of the RECORD) was not sufficient, and yet in part the Court thought the Trial Court's handwritten notations on the order section of the other three respective motions (also part of the RECORD) were sufficient to merit the review. The Court is contradicting himself.
THE BRIEF HISTORY AND LEGAL GROUNDS
CT Page 10769 1) The Trial Court on November 10, 1999 heard one-sided story on the plaintiff's motion to change school, notwithstanding defendant's absence, typed and signed an order in which modified the custody of the defendant's son, Gregory. The Trial Court's decision on November 10, 1999 was read to the defendant by the Child Attorney over the phone. The defendant felt the Trial Court, who the defendant had never met at the time, kidnapped her son from her. The defendant was not notified by the Trial Court to appeal in Court on November 10, 1999. The Trial Court has superior power to either send the paper notice or subpoena the defendant to appear in Court, but none of these occurred. There was no notice or subpoena in the file as the plaintiff' pro bono attorney, Ms. Lax stated during the oral argument on April 3, 2001. (Please note that Ms. Lax declared her pro bono status on January 28, 2000, during the defendant's contempt hearing against the plaintiff for his not taking case of Gregory when Gregory was sick while under the plaintiff father's care. Later on January 18, 2001 Judge Brennan returned Ms. Lax a favor by striking the defendant's motion to find Ms. Lax in contempt of Judge Frankel's order from the record. Judge Brennan stated that "I will tell you this, that any time you come back, these matters will be referred to me no matter where I am." . . Moreover . . "And because I believe that I need — I owe obligations to all the parties here, including in the case of the motion directed against her, Attorney Lax.".) On November 15, 1999, Judge Brennan heard the motion for order to change school and reissued his order dated November 10, 1999. The reargue hearing was limited to the motion for order regarding changing school, not for a modification of custody. The Trial Court did not hear any motion for modification of custody, did not wait for the family relations to complete its report and ordered the family relations counselor to "tailor" her report to the Trial Court's wishes. During the hearing, both the plaintiff's attorney and the family relations counselor stated that the plaintiff did not seek for a change of custody. The Trial Court believed that he could change custody regardless of whether substantial change in circumstances existed flew in CT Page 10770 the face of all established precedent of this Court. During the oral argument in this Court on April 3, 2001, the Court had asked the plaintiff's pro bono attorney in this issue whether substantial change in circumstances required when modify custody, the defendant believed that the plaintiff's attorney agreed with the Court's established precedent.
 The Trial Court stated on November 10, 1999 that "Mrs. Strobel doesn't like coming to Court apparently and sometimes that costs you". This punishment of taking away the defendant's physical custody of Gregory to the plaintiff father and further reduced the defendant and Gregory's time together to only 7% was not in the best interests of Gregory. Gregory only experienced transitional difficulties and had emotional and academical problems after the Trial Court's change of custody. Since the modification of the Custody, Gregory who is 11 years old now, had to enroll into Special Education Program — where prior to the modification, he was in an Extraordinary Learning Program (ELP) for gifted children and received a citizenship award. Since the modification of the custody, Gregory attempted to commit suicide (April 6, 2001) and choked a younger child on the neck at school. All these were happened while Gregory was under the plaintiff father's 93% of supervision time. Since April 6, 2001, the date that Gregory attempted to commit suicide, the plaintiff father and the child attorney deliberately abducted Gregory from the defendant and disallowed the defendant to see Gregory for a month. And yet not enough, the child attorney on April 10, 2001 filed a motion for supervised visitation for the minor child requesting that any visitation taking place between my son and the defendant be supervised. Please note that the child attorney had threatened the defendant several times that if the defendant would not withdraw the appeal against him, the defendant would end up only has supervised visitation. The plaintiff even blocked the phone calls between Gregory and the defendant. The defendant worried about Gregory and cried day and night at home and did not go to work for a full month. The supervised visitation motion CT Page 10771 was denied by Judge Sheedy on May 15, 2001. It is a set up that the Trial Court, now with the Court on his side as the Trail Court stated on the July 30, 2001 hearing, blames the defendant for the tragic consequences this protracted litigation have for my son. The defendant is a good mother, a better parent and an honest person. The plaintiff so far has been found in four counts of willful contempt of Court orders. However, the defendant is terrified of the Trial Court and knows that the Trial Court is out there to revenge and to further punish/destroy the defendant. The Trial Court has had threatened to change the custody award from joint with physical with Mr. Strobel to sole with Mr. Strobel on March 8, 2001.
 2) Under Sec. 64-1, the trial court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. The Trial Court's written order on November 15, 1999 (dated November 10, 1999) did not state the factual bases. As matter of fact, the defendant could not recall, during all the hearings before the Trial Court, oral or in writing, Judge Brennan cited any authorities, statutes or any relevant caselaw on his rulings. On the contrary, on February 22, 2001, Judge Brennan asked the defendant to cite a rule or a case that authorized him to award a pro se party of a lost wage and cost. On November 15, 1999, when the defendant's attorney asked the plaintiff's attorney to show a substantial change in circumstances for the Trial Court to modify custody, the Trial Court stated "No, there's no need for a showing of substantial change in circumstances" . . Moreover . . "Go talk to my friend Mr. Spear, Judge Spear and Company." The Trial Court should include the factual basis but he did not have any; he asked the defendant to come to the appellate Court for the factual basis. It is not easy for the defendant, who is not a lawyer and have no money to hire one, to write the briefs and to follow all the rules of procedure. With respect to the judgment modification related to the child's school and physical custody of the child, the defendant did include the citation, statutes and caselaw on the brief as best as she could. On CT Page 10772 January 18, 2001, Judge Brennan denied the defendant's motion to recuse himself from hearing this case, when asked for the reasons, Judge Brennan stated "I need not articulate reasons for such a motion. I just simply rule on them." Judge Brennan has from the beginning gave the defendant no reasons on the bases of his rulings and asserted his superior power, intimidated the defendant and made the defendant believed that his orders were final and any request of articulation was waste of time and unnecessary.
 On April 2, 2001, Judge Brennan further intimidated the defendant by ordering "No further filings will be accepted by the Clerk's Office." When the defendant asked what did it mean no further motions could be filed, the Trial Court simply stated that "They will be referred to Judge Thim, only if he finds they have merit will they be allowed to be filed with the clerk." Since then, the Trial Court, Judge Brennan scanned and denied the defendant's permission to file/calendared several motions.
 3) On the plaintiff's motion for child support dated February 26, 2000, the Trial Court did not allow for any testimony but simply ruled on it. The defendant was intimidated by the Trial Court's super power for ordering an overpayment instead of an underpayment. On December 2000, the plaintiff was finally found in willful contempt of Court Order by Judge Sheedy for not paying the Defendant child support from November 1999 to January 2000 in relation to this Judge Brennan's child support order. With the respect to the defendant's motion for contempt and order dated January 5, 2000, the Court granted the merit for review based on the Trial Court's handwritten notations. Judge Brennan at the time did not modify the visitation schedule, therefore, Judge Steinberg's judgment in visitation was and should still in effect and the defendant stated that in the hearing. However, the Trial Court stated that Judge Steinberg's judgment was not in effect and noted on the motion that "No credible evidence offered of any existing court order for visitation on 1/3/00 or 1/4/00." Then the Trial Court modified the visitation schedule on the date of hearing, February CT Page 10773 9, 2000. Because of Judge Brennan's statement of "Judge Steinberg's order is not in effect" during the hearing and there was no other order to supersede Judge Steinberg's holiday and vacation visitation schedule, the plaintiff disallowed the defendant to spend time with Gregory during holidays and summer/winter vacations.
The defendant respectfully requests the Court to grant the reconsideration and reargument en banc and further allows the defendant to file with the appellate clerk the attached notice that the decisions made by Judge Brennan on November 10, 1999, November 15, 1999, December 2, 1999 and February 9, 2000 have not been filed in compliance with Sec. 64-1.
Respectfully Submitted, The Appellant/Defendant
Rose Strobel 28 Glen Ridge Wilton, CT 06897
 CERTIFICATION
I hereby certify that a copy of the foregoing motion was mailed postage prepaid on the August 6, 2001 to the follows:
Sandra Lax 1275 Post Road, Suite 200C Fairfield, CT 06430 Tel. 203-254-9877
Kevin Strobel 244 Samp Mortar Drive Fairfield, CT 06430 Tel. 203-372-9569
Peter McGuinness 2 Sherman Court Fairfield, CT 06430 Tel. 203-254-1117
Hon. Daniel Brennan Jr., Judge and Barbara Sheedy, Judge Superior Court 1061 Main Street Bridgeport, CT 06604
Janis Laliberte 390 East Main St. CT Page 10774 Stratford, CT 06614
The Defendant/Appellant
Rose Li-Hwa Strobel 28 Glen Ridge Wilton, CT 06897
 NOTICE TO TILE APPELLATE CLERK
The Defendant/Appellant hereby notice the Appellate clerk that the decisions have not been filed in compliance with Practice Book Section 64-1b (a) for the Docket Number listed above by the trial court Judge Brennan, and the dates of the ruling for which no memorandum of decision was filed are: November 10, 1999, November 15, 1999, December 2, 1999 and February 9, 2000.
The Defendant/Appellant
Rose Li-Hwa Strobel 28 Glen Ridge Wilton, CT 06897
 CERTIFICATION
I hereby certify that a copy of the foregoing motion was mailed postage prepaid on the August 6, 2001 to the follows:
Sandra Lax 1275 Post Road, Suite 200C Fairfield, CT 06430 Tel. 203-254-9877
Kevin Strobel 244 Samp Mortar Drive Fairfield, CT 06430 Tel. 203-372-9569
Peter McGuinness 2 Sherman Court Fairfield, CT 06430 Tel. 203-254-1117
Hon. Daniel Brennan Jr., Judge Superior Court 1061 Main Street Bridgeport, CT 06604
The Defendant/Appellant CT Page 10775
Rose Li-Hwa Strobel 28 Glen Ridge Wilton, CT 06897