927 So.2d 192 (2006)
Sarah H. MARAS, Appellant,
v.
Craig STILL, Appellee.
No. 2D05-2078.
District Court of Appeal of Florida, Second District.
April 28, 2006.
Joseph J. Registrato, Tampa, for Appellant.
James D. Beach of James D. Beach, P.A., St. Petersburg, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Sarah Maras appeals the trial court's order temporarily awarding primary custodial *193 responsibility of her minor child to the father, Craig Still. We reverse.
Ms. Maras filed her petition for dissolution of marriage from Mr. Still in August 2002. Eight months later, Ms. Maras filed a verified emergency motion for temporary relief maintaining that Mr. Still was the father of her child, born on January 27, 2003. She asked for child support, restricted visitation for Mr. Still, and an order directing Mr. Still to attend anger management and parenting classes. DNA testing confirmed that Mr. Still was, indeed, the father.
On March 2, 2004, the trial court entered a final judgment of dissolution that incorporated the parties' marital settlement agreement. Ms. Maras and Mr. Still would share parental responsibility but Ms. Maras would be the primary residential parent. Mr. Still would enjoy liberal visitation.
In November 2004, Mr. Still filed a petition seeking joint custody, reduction in child support, and the appointment of a guardian ad litem. Having noticed bruising on the child that he believed evidenced abuse, Mr. Still contended that joint custody would provide him a better opportunity to monitor the child's welfare. Mr. Still did not seek a change in primary residential custody. Ms. Maras responded to the motion with two Department of Children and Families reports concluding that there was no abuse.
On February 14, 2005, the trial court conducted a hearing on the motion. Our record contains no hearing transcript. On March 16, 2005, the trial court entered a temporary order changing primary residential custody from Ms. Maras to Mr. Still. The order also called for a social services investigation, modified visitation, and terminated Mr. Still's child support obligation. The order did not address Mr. Still's request for appointment of a guardian ad litem.
Ms. Maras argues that she did not retain counsel for or present witnesses at the hearing on Mr. Still's motion because she had no notice that the trial court might take primary custody away from her. After entry of the order, Ms. Maras promptly filed a motion for rehearing arguing that she was denied due process. The trial court denied that motion.
"`The trial court cannot modify a custody order unless the court's subject matter jurisdiction has been properly invoked by appropriate pleadings, proper service of process has been had and there is given proper notice and opportunity to be heard on that issue.'" Busch v. Busch, 762 So.2d 1010, 1011 (Fla. 2d DCA 2000) (quoting Richmond v. Richmond, 537 So.2d 1039, 1040 (Fla. 5th DCA 1988)). In Busch, the trial court granted custody of the parties' children to the mother. Id. at 1010-11. Later, the father filed a motion seeking to keep the mother out of the former marital home. Id. at 1011. At the hearing on the motion, the father sought custody of the children and presented testimony about the wife's character and fitness as a parent. Id. The trial court gave primary custody to the father. Id. We reversed.
[The mother] was given no warning that the custody of her children was at stake. She appeared at the hearing unrepresented by counsel and was unprepared to rebut the unfavorable evidence presented against her. Because she received no notice and was denied a meaningful opportunity to respond to the [father's] evidence, the trial court erred in ordering the change of custody.
Id.
Similarly, Ms. Maras had no warning that the primary residential custody of her child was at stake. Like the mother in *194 Busch, Ms. Maras was unrepresented and unprepared to rebut the unfavorable evidence presented against her. Accordingly, we must reverse the trial court's temporary order.
We note that the trial court's temporary order was entered more than a year ago. We assume that the comprehensive investigation ordered by the trial court has been completed. We are confident that, upon remand, the trial court will conduct further proceedings, hopefully on an expedited basis, so as to ensure that the child's best interests are protected.
Reversed and remanded.
SALCINES and LaROSE, JJ., concur.