973 So.2d 645 (2008)
Rosenia WILLIAMS, Appellant,
v.
Samuel PRIMERANO, Appellee.
No. 4D07-1710.
District Court of Appeal of Florida, Fourth District.
January 30, 2008.
*646 Richard G. Bartmon of Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellant.
Jonathan D. Wald of Law Office of Stuart R. Manoff & Associates, West Palm Beach, for appellee.
WARNER, J.
A mother appeals an order transferring temporary custody of her minor son to his father. She claims that she was denied due process, because the father had moved for a "child pick-up order" and did not request a change of primary physical residence of the child, which had not yet been determined. We agree that the trial court denied the mother due process in determining primary physical residence of the child at the hearing on the pick-up order and reverse.
The father and mother are parents of the minor son, born in 2004. They have never married, although they were living together in Florida at the time of the child's birth. Six months after the child's birth, the mother was staying in Minnesota and contemplated moving back to that state. Around that time, during a visit by the mother to Florida, the parents executed a shared parental responsibility agreement in which they agreed that the mother would be the primary residential parent, should the parties separate. The agreement also contained a provision acknowledging that the mother may elect to move permanently to Minnesota, if the parties separated. The shared parental responsibility agreement would not be used to prevent such a move.
Two years after the agreement was signed, the father filed a Verified Petition to Determine Paternity and for Related Relief in which he requested the court to determine paternity, child custody, parental responsibility, visitation, and child support. On the same date, the father also filed a Motion for Ex Parte or Emergency/Expedited Relief for a child pick-up order. The father alleged that his paternity was established through a DNA test, although he acknowledged that prior legal paternity proceedings were voluntarily dismissed. He also alleged that the mother wrongfully removed or wrongfully detained the minor child from his custody, leaving him a note that she was taking the child to Minnesota, where she would be staying with her mother. The father asserted that the child was in immediate danger of harm, asserting allegations of neglect against the mother.
The court denied the emergency ex parte request for a child pick-up order. The father then set, a hearing, noticing only the motion for a pick-up order. The mother filed a response to the motion for child pick-up order in which she asserted that the father's motion was not properly before the court and should be summarily denied as there was no order granting custody of the minor child to the father or which determined parental responsibility of the parties, and that he had no standing *647 to make the request. She also cited section 744.301(1), Florida Statutes, which provides that the mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child, unless a court of competent jurisdiction enters an order stating otherwise. Despite the limited nature of the hearing, the trial court entered an order granting the father's motion for "temporary change of custody," appointing the father as the temporary primary residential parent, and directing the father to travel to Minnesota to pick up the child. The mother appeals this ruling.
A fundamental requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). A trial court cannot determine matters not noticed for hearing or award relief not sought by the pleadings. Hendershot v. Hendershot, 742 So.2d 444, 445 (Fla. 4th DCA 1999); Maras v. Still, 927 So.2d 192, 193 (Fla. 2d DCA 2006). With respect to child custody matters, "the trial court commit[s] reversible error in changing primary residence, even on a temporary basis, at a hearing that was not noticed for that issue." Gelato v. Basch, 658 So.2d 664, 665 (Fla. 4th DCA 1995). In Maras, the Second District reversed modification of temporary residential custody where the father's motion sought joint custody but not a change in the mother's status as primary residential custodian. 927 So.2d at 193. The court reasoned that the mother was given no warning that the primary residential custody of her child was at stake. Id.
Likewise, in this case the mother was not given notice that her primary residential custody of the child was at stake. The father had requested a child pick-up order, not a determination of primary physical residence. "The mother of a child born out of wedlock is the natural guardian of her child and is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise." § 744.301(1), Fla. Stat. See also Perez v. Giledes, 912 So.2d 32 (Fla. 4th DCA 2005). A pick-up order permits a court to obtain the physical presence of a child within the jurisdiction so that it can adjudicate issues of custody or to enforce an already granted right of custody. It is not a vehicle by which an initial determination of custody is made.
The mother was denied due process of law by the trial court's determination that the father be the primary residential parent of the child. We reverse the order of the trial court and remand for further proceedings.
FARMER, J., and CONNER, BURTON C., Associate Judge, concur.