STEVENSON, J.
 

 Brett Miller timely appeals a final judgment of foreclosure entered in favor of the Evergreen Lakes Homeowner’s Association, Inc. The Association filed a claim of lien against Miller’s unit and, subsequently, a complaint against Miller because he had neglected to pay certain maintenance assessments. The final judgment of foreclosure awarded the Association a total of $4432.34 in past due maintenance assessments, late fees, and special assessments owed from April 2006 through April 2008 and reserved jurisdiction to award attor
 
 *1090
 
 ney’s fees and costs. We reverse and remand only for the trial court to remove from the final judgment of foreclosure two unpleaded special assessments improperly awarded to the Association. We affirm the. remainder of the order without discussion.
 

 Miller closed on the purchase of a unit in the Evergreen Lakes condominium development in December 2005. As a unit owner, Miller was a member of the Association and subject to all of the terms and provisions of the Association’s declaration. In pertinent part, the declaration provided that the board of directors would prepare an annual budget to determine the amount of maintenance assessments payable by the unit owners to meet common expenses. In addition to the recurring maintenance assessments, the declaration permitted the Association to levy non-recurring special assessments for a particular purpose as needed. When Miller closed, he paid an $832.47 maintenance assessment, covering the first three months of 2006.
 

 Miller neglected to make any timely maintenance assessment payments for April, May, and June of 2006, so the Association notified Miller of his outstanding debt and filed a formal claim of lien against his unit. Over thirty days later, the Association still had not received payment and filed a complaint for foreclosure and breach of contract, seeking the maintenance assessments, late fees, and attorney’s fees and costs.
 

 The Association filed a motion for summary judgment on its breach of contract claim alone. At the summary judgment hearing, Miller admitted that he had breached his contract by failing to timely pay the maintenance assessments. Thus, the trial court granted summary judgment in favor of the Association. That order is not at issue in the instant appeal. At that point, the Association could have voluntarily dismissed its foreclosure claim and still been the prevailing party for purposes of attorney’s fees and costs.
 
 See Padow v. Knollwood Club Ass’n,
 
 839 So.2d 744, 746 (Fla. 4th DCA 2003) (finding that where defendant paid substantial portion of the claim prior to association’s voluntary dismissal, defendant could not be the prevailing party). For reasons that remain unclear to this court, the parties instead proceeded to a bench trial on the foreclosure claim.
 

 Following the bench trial, the trial court entered a final judgment of foreclosure, awarding the Association maintenance assessments from April 2006 through April 2008, as well as their corresponding late fees, and two $390.72 special assessments that had been due on May 15, 2007, and June 15, 2007, plus their corresponding late fees. We find that pursuant to
 
 George v. Beach Club Villas Condominium Ass’n,
 
 833 So.2d 816 (Fla. 3d DCA 2002), the trial court correctly awarded to the Association the recurring maintenance assessments from 2006 through the date of the order, but incorrectly awarded the two special assessments that the Association had never pleaded.
 
 See id.
 
 at 820 (holding that association should not be entitled to collect special assessments tacked onto the original claim of lien at trial that had never been part of the pleadings).
 

 We have considered the other issues on appeal, including appellant’s argument that the claim of lien was itself defective and that the Association was not legally entitled to continue on the foreclosure count after it obtained summary judgment on the breach of contract claim, but we find these issues without merit. Of course, the reasonableness of continuing to litigate the foreclosure claim may be considered by the trial court on remand when assessing the Association’s prevailing party attorney’s fees.
 

 
 *1091
 
 Accordingly, we reverse in part and remand, directing the trial court to remove the May 15, 2007 and June 15, 2007 special assessments from the final judgment of foreclosure.
 

 Affirmed in part; Reversed in part; and Remanded.
 

 GERBER, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.