PER CURIAM.
In this foreclosure action, Appellant Ronald Losner, as an heir of the deceased owner of a unit in Appellee The Australian of Palm Beach Condominium Association’s (“Association”) property, appeals the trial court’s order of final summary judgment of foreclosure on the unit for unpaid condominium assessments. Appellant’s first two *987 challenges concern the sufficiency of the service by publication and the content of the amended claim of lien under section 718.116(5)(b), Florida Statutes (2012). We find these first two challenges without merit and affirm the judgment of foreclosure for the unpaid quarterly assessments without further comment.
Appellant’s last challenge is to whether it was error for the trial court to find in favor of the Association on two special assessments in addition to the quarterly assessments when the special assessments were not contained in any pleading. We agree with this challenge, reverse the final judgment in part, and remand for correction.
We review an order granting final summary judgment de novo. Wadsworth v. JP Morgan Chase Bank, N.A., 128 So.3d 688, 690 (Fla. 4th DCA 2013). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000); Fla. R. Civ. P. 1.510(c).
Section 718.116(5)(b), Florida Statutes, states that a claim of lien by a condominium association for unpaid assessments “secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded and through the entry of final judgment.” (emphasis added). However, the “word ‘accrue’ references assessments already made before a claim of lien is filed, but coming due afterwards[,]” but it does not refer to additional assessments for other purposes, such as separate assessments that are assessed against an owner after the time the complaint to foreclose on a claim of lien is filed. George v. Beach Club Villas Condo. Ass’n, 833 So.2d 816, 819-20 (Fla. 3d DCA 2002). In George, the Third District reversed an award of additional assessments that were not contained in the association’s pleadings, concluding that litigating these additional assessments violated the owner’s due process rights. Id. at 820. Adding assessments not naturally accruing from assessments pled in the complaint violates due process because the owner does not have notice to prepare a defense, including alleging separate defenses in regards to the later added assessments. See id. We have previously cited to George with approval for the proposition that “it is improper to ‘piggyback’ unpled claimed assessments on top of those claimed in the claim of lien and the foreclosure complaint.” Saar v. Wellesley at Lake Clarke Shores Homeowners Ass’n, 68 So.3d 417, 419 (Fla. 4th DCA 2011); see also Miller v. Evergreen Lakes Homeowners Ass’n, 19 So.3d 1089, 1090 (Fla. 4th DCA 2009) (reversing and remanding a final judgment of foreclosure for unpaid condominium assessments only as to two unpled special assessments improperly awarded to the association).
The trial court erred in the instant case in awarding the Association its claims of two special assessments in the final judgment where those claims were not found in a proper pleading. Thus, we reverse the portion of the final judgment awarding the Association two special assessments, as well as any interest, fees, and costs associated with that award, where the Association was not entitled to judgment as a matter of law as to these assessments. We also remand for the trial court to correct the final judgment in accordance with this opinion.

Affirmed in part; Reversed in part and Remanded.

GROSS, GERBER and FORST, JJ„ concur.