PER CURIAM.
The sole issue on appeal is whether Appellant was entitled to recover statutory attorney’s fees in connection with the declaratory judgment action he filed regarding uninsured motorist coverage. Because we conclude that Appellee initially disputed Appellant’s entitlement to “stacking” uninsured motorist benefits and that its later concession on that issue was tantamount to a confession of judgment, we reverse and remand this cause with instructions for the trial judge to award to Appellant his reasonable fees in an amount to be determined by the trial judge.
A dispute arose between the parties regarding whether Appellant was entitled to stacking coverage under the uninsured motorist component of his parents’ policy. *556 The resolution of that dispute turned on whether Appellant was a resident relative under the policy. If he was, he was entitled to stacking coverage in the amount of $800,000. If not, he was only entitled to $100,000. His damages and the liability of the uninsured driver were not disputed. Before suit was filed, Appellee tendered a check to Appellant for $100,000, in full settlement of his claim. After suit was filed, and after Appellee conducted an examination under oath of Appellant, Appel-lee tendered the additional $200,000.
Based upon the issues raised in the pleadings and status of the record before the trial court, we conclude on de novo review that Appellant was entitled to file a declaratory judgment action and that the payment of the stacking benefit constituted a confession of judgment. Accordingly, Appellant was entitled to fees. Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15 (Fla. 5th DCA 2008).
REVERSED AND REMANDED.
TORPY, C.J, WALLIS and EDWARDS, JJ., concur.