KLINGENSMITH, J.
Haim Turgman .appeals from the trial court’s final, judgment in favor of Boca Woods Country Club Association, Inc., directing him to pay the cost of an initiation fee and .other expenses. .Turgman claims that the trial court erred by awarding sums not requested in the Country Club’s initial complaint. We find that while summary judgment in favor of the Country Club was appropriate, the,total amount awarded exceeded the scope of the damages requested.[1]
*1126 In this case, Turgman never filed any responsive pleadings to the Country Club’s initial complaint, and there were no disputed facts in the record before the trial court that would have precluded summary judgment. Turgman eventually filed evidence opposing summary judgment one working day before the hearing, but this was contrary to the filing deadlines set forth in Florida Rule, of Civil Procedure 1.510(c). As a result, the trial court correctly refused to consider that evidence. See, e.g., Ramos v. Growing Together, Inc., 672 So.2d 103, 104 (Fla. 4th DCA 1996) (stating that trial court, properly refused to consider affidavit in opposition to motion for summary judgment, which was filed one day before the hearing, contrary to the requirements of Florida Rule of Civil Procedure 1,510). ■ ■
. Thereafter, the court entered, final judgr ment in the amount of $53,954.05, an amount representing not only the initiation fee of $25,000 as requested in the initial complaint, but also an additional $28,954.05 in other fees that¡were not contained in the pleadings. Turgman then asked the trial court to reduce the award to $25,000, expressly stating that he was, “not challenging the Country Club’s] entitlement to the entry of final judgment in this matter following the Final Summary Judgment order rendered by this Honorable Court,” but did “dispute the amount [the Country Club] claim[ed] in its proposed Final Judgment.” When his request to reduce -the judgment was denied,-this appeal followed. ■■
Any issue concerning the propriety of awarding judgment for the $25,000 initiation fee has been waived on appeal. See Shirtcliffe v. State Farm Mut. Auto., 160 So.3d 555, 555 (Fla. 5th DCA 2015) (holding that where the “Appellee initially disputed Appellant’s entitlement to ‘stacking’ uninsured motorist benefits” and then “later conce[ded] on that issue,” the concession “was tantamount to a confession of judgment”). Accordingly, we concern ourselves only with Turgman’s argument that the trial court erred by. granting summary judgment in favor of the Country Club for the additional $28,954.05 in fees not included in the pleadings.
It is well-settled that a party cannot be awarded relief that is not framed by the pleadings. See, e.g., Williams v. Primerano, 973 So.2d 645, 647 (Fla. 4th DCA 2008) (stating that “[a] fundamental requirement of due process is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. A trial court cannot determine matters not noticed for hearing or award relief not sought by the pleadings.” (citations omitted) (internal quotation marks omitted)).
In Losner v. Australian of Palm Beach Condominium Ass’n, 139 So.3d 986, 987 (Fla. 4th DCA 2014), the trial court granted summary judgment in favor of the association and awarded amounts owed that were not included in the pleadings. We reversed on this issue with instructions for the trial court to‘correct the final judgment:
Adding assessments not naturally accruing from assessments pled in the complaint violates due process because the owner does not have notice to prepare a defense, including alleging separate defenses ■ in regards to the later added assessments. See [George v. Beach Club Villas Condo. Ass’n, 833 So.2d 816, 820 *1127 (Fla. 3d DCA 2002) ]. We have previously cited to George with approval for the proposition that “it is improper to ‘piggyback’ unpled claimed assessments on top of those claimed in the claim of lien and the foreclosure complaint.” Saar v. Wellesley at Lake Clarke Shores Homeowners Ass’n, 68 So.3d 417, 419 (Fla. 4th DCA 2011); see also Miller v. Evergreen Lakes Homeowners Ass’n, 19 So.3d 1089, 1090. (Fla. 4th DCA 2009) (reversing and remanding a final judgment of foreclosure for unpaid condominium assessments only as to two unpled special assessments improperly awarded to the association).,--
The trial court erred; in the instant case in awarding the Association its claims of two special assessments in the final judgment where those claims were not found in a proper pleading. Thus, we reverse the portion of the final judgment awarding the Association two special assessments, as well as any interest, fees, and costs associated with that award, where the Association was not entitled to judgment as a matter of law as to these assessments. We also remand for the trial court to correct the final judgment in accordance with' this opinion.

Id.

The Country Club argués that the purpose of the rule was satisfied because Turgman was on notice of the additional fees sought, as they were included in the Country Club’s motion for summary judgment and accompanying affidavit. It also claims that Turgman waived any challenge to the additional fees by not raising this argument in his opposition to the motion for summary judgment.
. While it is true that the Country Club’s intention to seek the additional $28,954.05 in fees was provided to Turgman in this manner, the fact remains that the request for these additional fees was not contained in a proper pleading — namely, the complaint. We stress -that the rule described above is plain and unambiguous: all relief awarded must be framed by the pleadings. See id.; see also Williams, 973 So.2d at 647. This is because a motion is not the same as a pleading. In fact, Florida Rule of ■ Civil Procedure 1.100, entitled “Pleadings-and-Motions,” explicitly distinguishes pleadings from motions:
(a) Pleadings. There shall be a; complaint or, when so designated by a statute or rule, a petition, and an answer to it; an answer to a counterclaim denominated as such; an answer to a crossclaim if- the answer contains a crossclaim; a third-party complaint-if a person who was not an original party is summoned as a third-party defendant; and a third-party answer if a third-party complaint is served.' If an answer or third-party answer contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance. No other pleadings shall be allowed.
(b) Motions. An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of Hearing shall specify each motion or other matter to be heard.
(Emphasis added).
The Country Club has cited to one case for the proposition that its failure to. mention the additional fees in its initial complaint was mitigated because it requested the fees in .the motion for summary judgment and the affidavit. However, that decision involved a claim for attorney’s *1128 fees which was ancillary to the relief sought — it did not concern a party’s entitlement to additional assessments wholly unrelated to the relief demanded in the complaint. See Brown v. Gardens by the Sea S. Condo. Ass’n, 424 So.2d 181, 182-84 (Fla. 4th DCA 1983) (discussing entitlement to attorney’s fees which was not raised in the pleadings). . Therefore, we conclude that Brown is not analogous to the situation presented here.
In light of the above, we reverse and remand this case for the trial court to correct the final judgment by entering judgment in favor of the Country Club in the amount of $25,000. Losner, 139 So.3d at 987.

Affirmed in part, Reversed in part, and Remanded.

GROSS and MAY, JJ., concur.

. Turgman also asserts that the trial court abused its discretion by denying him leave to amend his answer and affirmative defenses. Because the record demonstrates that he was provided an opportunity to amend and abused the privilege, we find that the trial court’s decision was justified and decline to address this issue any further. See, e.g., Hutson v. Plantation Open MRI, LLC, 66 So.3d 1042, 1044-45 (Fla. 4th DCA 2011) ("[R]efusal to allow amendment of a pleading consti *1126 tutes an abuse of discretion unless it clearly appears that, allowing the amendment would prejudice the opposing party; the privilege to amend ‘ has been abused; or amendment would be futile.” (alteration in original) (quoting Spradley v. Stick, 622 So.2d 610, 613 (Fla. 1st DCA 1993))).