DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEICO CASUALTY COMPANY,**
Appellant,

v.

**OPEN MAGNETIC SCANNING OF BOCA-DELRAY** d/b/a
**WINDSOR IMAGING BOCA-DELRAY** and **PLANTATION OPEN MRI LLC,**
Appellees.

Nos. 4D2023-2199, 4D2023-2214, 4D2023-2224, 4D2023-2251,
4D2023-2292, 4D2023-2338, 4D2023-2367, 4D2023-2369,
4D2023-2614, 4D2023-2618, 4D2023-2721, 4D2024-0253,
4D2024-0255, 4D2024-0611, 4D2024-1328, 4D2024-1606,
4D2024-1617, 4D2024-1746, 4D2024-1913, 4D2024-1920,
4D2024-1995, 4D2024-2374, 4D2024-2468, and 4D2024-2502

[October 22, 2025]

Consolidated appeals from the County Court for the Seventeenth Judicial Circuit, Broward County; John Hurley, Tabitha Blackmon Eves, Kathleen McHugh, Mardi Levey Cohen, Steven DeLuca, Kim Mollica, Kal Evans, and Olga Gonzalez Levine, Judges; L.T. Case Nos. COINX23-035173, COINX23-035576, COINX23-023838, COINX23-022917, COINX-23-035172, COINX23-035548, COINX23-015332, COINX23-023987, COINX23-015361, COINX23-033610, COINX23-015341, COINX23-035177, COINX23-015356, COINX23-023948; COINX23-015339, COINX23015342, COINX23-015360, COINX23-015364, COINX23-022940, COINX23-026548, COINX23-028739, COINX23-033615, COINX23-035082, and COINX23-035549.

Kristen L. Wenger, Drew Krieger, and Rebecca Morrison of Rivkin Radler, LLP, Jacksonville, for appellant.

Chad A. Barr and Dalton L. Gray of Chad Barr Law, Altamonte Springs, for appellees.

GERBER, J.

The insurer appeals from several county court judgments finding the insurer—by paying policy benefits to the providers after the providers had filed declaratory judgment actions against the insurer—had confessed

judgment, thus entitling the providers to recover prevailing party attorney's fees and costs under section 627.428, Florida Statutes (2023).

The insurer argues the county courts erred in their rulings for two reasons: (1) the insurer had paid the policy benefits to the providers before the providers had served the insurer with the declaratory judgment actions, and thus, any judgments entered thereon lacked due process; and (2) the confession of judgment doctrine did not apply here because the providers were not forced to file suit to recover the policy benefits.

We agree with both arguments. Therefore, we reverse the judgments and the attorney's fees and costs awards in each of the consolidated cases.

### ***Procedural History***

***The Insurer's Initial Payments to the Providers.*** In each of the consolidated cases, the insurer had issued auto insurance policies providing personal injury protection ("PIP") benefits to its insureds. During the policy period, the insureds were injured in an auto accident. The insureds visited the providers for diagnostic services and then executed assignments of benefits to the providers. The providers performed diagnostic services on the insureds and then submitted charges to the insurer for reimbursement from the policies' PIP benefits. The insurer reduced the charges down to the 2007 Medicare Part B limiting charge rates and then further reduced the charges by applying a Medicare budget neutrality adjustment ("BNA"). The reduced charges were paid to the providers as reimbursement.

***The Providers' Declaratory Judgment Petitions.*** In each of the consolidated cases, the providers filed a petition for declaratory judgment. The petitions alleged the providers were in doubt as to whether the insurer had properly applied the BNA to reduce the providers' reimbursements, and thus a bona fide dispute existed as to whether the insurer had breached the policies. The petitions also alleged that if the providers were to prevail on their petitions, the providers would be entitled to recover, under section 627.428, their attorney's fees and costs for being forced to file the petitions. Importantly, however, after the providers filed the petitions, the providers did not obtain summonses upon which to serve, and did not serve, the declaratory judgment petitions upon the insurer.

***The Providers' Civil Remedy Notices.*** When the providers filed their declaratory judgment petitions, the providers also filed with the Department of Financial Services (the "Department"), and served on the

2

insurer, civil remedy notices ("CRNs"). The CRNs alleged the insurer had committed six statutory violations:

624.155(1)(b)(1)   Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

624.155(1)(b)(3)   Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

626.9541(1)(i)(3)(a)   Failing to adopt and implement standards for the proper investigation of claims.

626.9541(1)(i)(3)(b)   Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

626.9541(1)(i)(3)(d)   Denying claims without conducting reasonable investigations based upon available information.

626.9541(1)(i)(3)(i)   Unfair claim settlement practices.

The CRNs also stated, "within sixty (60) days, [the insurer] must …":

a.   Stipulate and fully confess to judgment in favor of [the providers as the insureds' assignees], damages for breach of contract, entitlement to reasonable attorney's fees and costs, and … statutory interest;

b.   Issue payment for the difference between the [initial] payment [amounts] previously made and [the alleged proper amounts], which is an amount that does not include the reduction per the [BNA], plus accrued interest …;

c.   Issue payment to the [providers'] counsel for the reasonable attorney's fees and costs incurred in relation to litigation arising from the conduct referenced herein;

d.   Stipulate and fully confess that the [providers are] entitled to judgment in [their] favor *as it relates to, and detailed, in its*

*Petition[s] for Declaratory Relief that [are] currently pending*; and

e. Stipulate and confess that [the insurer's] policy, Florida Statute Section 627.736(5)(a)2.[,] and Florida Law precludes [the insurer] from applying the [BNA] to the subject bill(s).

(emphases added).

***The Insurer's Responses to the CRNs.*** The insurer filed with the Department, and served on the providers, responses to the CRNs. The responses denied the alleged statutory violations. However, the responses stated the insurer would, "in the spirit of compromise and in … continuous good faith effort to settle the subject claim[s], … issu[e] an additional payment of … benefits for the difference between the amount that [the insurer] previously [had] paid to the [providers] and the amount stated in [the providers'] CRN[s] that [the providers] claim should have been paid." The responses further stated the insurer was "fully curing [the providers'] CRN[s] in accordance with the applicable Florida law," but otherwise denying the providers' requests, including the "request that [the insurer] stipulate and fully confess that the [providers are] entitled to judgment in [their] favor *in the pending lawsuit[s]*." (emphases added).

***The Providers Serve the Petitions and Further Pleadings Follow.*** After the insurer had paid the CRNs' requested amounts, the providers obtained summonses and served the declaratory judgment petitions upon the insurer. The insurer then filed motions to dismiss the petitions, based (in part) upon its payment of the requested amounts. The providers, in turn, filed motions for entry of orders finding the insurer had confessed judgment, arguing the insurer's post-suit payments for the requested amounts constituted confessions of judgment which entitled the providers to recover section 627.428 prevailing party attorney's fees and costs from the insurer. The insurer filed responses denying that its post-CRN payments for the requested amounts constituted confessions of judgment or that the providers were entitled to recover section 627.428 prevailing party attorney's fees and costs from the insurer.

***The County Courts' Dispositions.*** The county courts, after conducting non-evidentiary hearings on the parties' respective motions, denied the insurer's motions to dismiss, and granted the providers' motions, finding the insurer had confessed judgment, thus entitling the providers to recover section 627.428 prevailing party attorney's fees and costs from the insurer. The county courts then entered final judgments for the providers.

### *These Consolidated Appeals*

These consolidated appeals followed. Our review is de novo. *See Keck v. Eminisor,* 104 So. 3d 359, 366 (Fla. 2012) ("[W]e review a pure question of law de novo."); *Jerkins v. USF & G Specialty Ins. Co.,* 982 So. 2d 15, 16 (Fla. 5th DCA 2008) ("We review the trial court's interpretation of a statute de novo."); *see also Shirtcliffe v. State Farm Mut. Auto.,* 160 So. 3d 555, 556 (Fla. 5th DCA 2015) ("[W]e conclude on de novo review that Appellant was entitled to file a declaratory judgment action and that the payment of the stacking benefit constituted a confession of judgment. Accordingly, Appellant was entitled to fees.").

We adopt the insurer's well-summarized arguments:

> Under Florida law, a confession of judgment cannot occur prior to service of process on a defendant—and this is especially true in the PIP context where a pre-suit demand letter is required to maintain a collections suit for PIP benefits. Any judgment entered upon such confession is therefore void, as it violates due process and exceeds the court's jurisdiction.

> The filing of a lawsuit does not automatically give the court power over a defendant. Florida courts do not acquire jurisdiction over a defendant unless the defendant has been served with process as prescribed by law. *See Borden v. E*[.]-*European Ins. Co.,* 921 So. 2d 587 (Fla. 2006). Florida Rule of Civil Procedure 1.070 requires that[, "[o]n the commencement of the action, summons or other process authorized by law *must be promptly issued* by the clerk or judge under the clerk's or the judge's signature and the seal of the court and delivered for service."] (emphasis added). *See also Korman v. Stern,* 294 So. 3d 918, 920 (Fla. 4th DCA 2020) ("A 'summons or other process' shall be issued '[u]pon the *commencement* of the action.' Fla. R. Civ. P. 1.070(a) (emphasis added)[)]."

> In the underlying cases, [the providers] did not apply for a summons in the [county] court at the commencement of the action[s] and instead waited until [the insurer had] made payment on the simultaneously[-]filed CRN[s], which in some cases exceeded 60 days from the date of filing suit. In a majority of the underlying cases, [the providers] went as far as filing [their] Motion to Tax Attorney Fees, stating [the insurer had] confessed, *before* seeking a summons from the court. As in *Borden,* the lower courts did not have jurisdiction over [the

insurer] at the time the CRN[s] [were] paid to amount to a confession since the summons had not even been submitted to the courts by [the providers].

[The insurer's] payments made after suits were filed—but prior to service of process—did not automatically constitute a confession of judgment. To hold otherwise deprives [the insurer] of its due process rights finding that [the insurer] has given up its defense in the underlying lawsuit by virtue of a "confession of judgment" made when [the insurer] had not been served with ... the allegations against it, and without the opportunity to defend itself in court.

...

[Obtaining] a CRN payment as the opening move to then trigger a claim for attorney['s] fees in the pending declaratory action defeats the ... purpose and intent of the [CRN] statute and the confession of judgment doctrine; both of which function to *deter* unnecessary litigation. [The insurer] ... did not waive its right to due process by virtue of [its] mention of a pending lawsuit in its recitation and denial of the CRN allegations.

The confession rule operates to penalize an insurance company for wrongfully withholding benefits, causing its insured to resort to litigation to resolve the conflict when it was in the company's power to resolve it. Confession should only be applied where the insurer incorrectly withholds benefits, and the insured is then *forced* to file suit to act as a necessary catalyst for the insurer to make payment.

[The insurer] never wrongfully withheld benefits within the meaning of the confession doctrine ... as all the [providers'] claims were reimbursed after receipt of first notice and paid within 30 days pursuant to [section] 627.736(4)(b)[, Florida Statutes].

Instead of notifying [the insurer] that [they] disputed the [initial] amount reimbursed, [the providers] opted to forego pre-suit negotiations entirely in favor of filing lawsuits. Critically, [the providers were] not forced to file suit to receive payment of benefits. Furthermore, the lawsuit[s] [were] not a

> "necessary catalyst" for payment as [the insurer's] payment[s] [were] in response to the CRN[s], not the [unserved] lawsuit[s].
>
> …
>
> The [county courts] therefore erred in finding that the prerequisites to a confession of judgment had been met[.]

(footnotes omitted). *See also* § 624.155(3)(c), Fla. Stat. (2023) ("*No action shall lie* if, within 60 days after the insurer receives notice from the department in accordance with this subsection, the damages are paid or the circumstances giving rise to the violation are corrected.") (emphases added); *Talat Enters., Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000) ("Section 624.155[] … is correctly read to authorize a civil remedy for extra contractual damages if a first-party insurer does not pay the contractual amount due the insured after all the policy conditions have been fulfilled within sixty days after a valid notice has been filed under section 624.155[.]"); *Bussey v. Legis. Auditing Comm.*, 298 So. 2d 219, 221 (Fla. 1st DCA 1974) ("In short, the sufficient service of process initiates a case in the trial court, and until the case has been properly initiated, no determination of the adverse claims of the parties may be made."); *Home Life Ins. Co. v. Regueira*, 243 So. 2d 460, 462 (Fla. 2d DCA 1970) ("[T]here can be no notice in the legal sense without receipt of process."); *Clifton v. United Cas. Ins. Co. of Am.*, 31 So. 3d 826, 831 (Fla. 2d DCA 2010) ("[I]f an insurer is *not* on notice that the claim or payment is disputed, the insured generally will be unable to show that he or she was 'forced' to file suit, and a subsequent post-suit payment by the insurer may not constitute a confession of judgment. . . . [T]he insured must, at a minimum, clearly notify his or her insurer in a timely fashion of his or her dissatisfaction with the amounts paid."); *State Farm Fla. Ins. Co. v. Lorenzo*, 969 So. 2d 393, 398 (Fla. 5th DCA 2007) ("[C]ourts generally do not apply the [confession of judgment] doctrine where the insureds were not forced to sue to receive benefits; applying the doctrine would encourage unnecessary litigation by rewarding a race to the courthouse for attorney's fees even where the insurer was complying with its obligations under the policy."); *Allstate Fire & Cas. Ins. Co. v. Castro*, 351 So. 3d 127, 132–33 (Fla. 1st DCA 2022) ("[T]he confession of judgment doctrine provides an important protection for an insurer or other defendant. When an insured never gives the insurer a chance to incorrectly deny the benefits before filing a lawsuit, the confession of judgment doctrine does not apply.") (internal quotation marks omitted).

### *Conclusion*

Service of process has a purpose—to mark the time at which the defendant is on notice of the lawsuit. *See, e.g., Mills Corp. v. Amato*, 72 So. 3d 814, 817 (Fla. 4th DCA 2011) ("The purpose of service of process [is] to be certain that a person or entity being sued has notice of that suit and an opportunity to defend[.]"). Eliminating the significance of service of process under the circumstances here, where the insurer timely paid the amounts requested in the providers' CRNs before the providers served their lawsuits seeking those same damages from the insurer, would not only create a slippery slope of case-by-case factual determinations of when an insurer is on notice of a lawsuit, but also would encourage unnecessary litigation simply to obtain attorney's fees. Here, the providers were not forced to file their lawsuits, and thus the confession of judgment doctrine does not apply.

Based on the foregoing, in all cases from which the consolidated appeals have arisen, we reverse the county courts' orders denying the insurer's motions to dismiss and granting the providers' motions for entry of orders finding that the insurer had confessed judgment, and vacate the final judgments resulting from such orders. We remand for entry of final judgments of dismissal in the insurer's favor in each case.

*Reversed and remanded as directed.*

GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

8